[No. 6546.]

## THE PEOPLE V. FITZGERALD.

1. CRIMINAL LAW—*Writ of Error by the People—Judgment*— An accused person is not to be twice put in jeopardy by the judgment of the Supreme Court, in a writ of error prosecuted by the people, under the statute (Laws 1907 c. 162, Rev. Stat. Sec. 1997). The Supreme Court merely approves or disapproves the ruling complained of—(176).

2. INFORMATION—*Duplicity — Uncertainty* — An information which pursues the language of the statute (Laws 1901 c. 66, Rev. Stat. Sec. 1685) charging the stealing of a bicycle, feloniously purchasing it, and feloniously concealing the same bicycle, knowing it to be stolen, embezzled, &c., is not ambiguous, uncertain, or duplicitous—(177).

The mere statement of the district attorney that the different acts charged constitute one and the same transaction is a sufficient answer to a motion to quash such information—(177).

*Error to Denver District Court*—HON. GEORGE W. ALLEN, Judge.

Mr. GEORGE W. STIDGER, Mr. JOHN H. CHILES and Mr. H. G. BENSON for plaintiff in error.

No appearance for defendant in error.

Under section 1997 Revised Statutes 1908, "Writs of error  *  *  *  lie on behalf of the state  *  *  *

to review decisions of the trial court in any criminal case upon questions of law arising upon the trial, motions to quash," and in other specified cases. No decision of the Supreme Court, however, can operate to put a defendant in jeopardy a second time for the same offense. It is under this statute the district attorney prosecutes this writ in behalf of the people, that the rule of pleading involved may be settled. The question for consideration is the ruling of the trial court sustaining a motion to quash the information. That pleading was drawn under, and based upon, Sec. 1685 Revised Statutes 1908, which, so far as pertinent here, reads: "Any person who shall steal, take, embezzle, carry or ride away, any bicycle, or any person who shall purchase or receive from any person, or conceal or secrete, knowing the same to be stolen, taken, embezzled, carried or ridden away, any bicycle, shall be deemed guilty of larceny." The information, following closely the language of the statute, in the charging part states that "Simon Fitzgerald, * * * did feloniously steal, take, embezzle, carry and ride away, and did feloniously then and there purchase and receive from some person to the district attorney aforesaid unknown, and did feloniously conceal and secrete the said bicycle, then and there knowing the same to be stolen, taken, embezzled, carried and ridden away."

CHIEF JUSTICE CAMPBELL delivered the opinion of the Court.

The motion to quash was based upon the proposition that the information is "ambiguous, uncertain and duplicitous" in that it fails to inform the defendant for what particular crime he is being prosecuted and that three distinct and inconsistent crimes against defendant are charged in one and the same count of the information. The Court was clearly wrong in sustaining the motion to quash. The statute is in the disjunctive.

The stealing of a bicycle by a defendant, or the pu
chase or receiving from any person, or the concealir
or secreting of a bicycle, knowing that the same ha
been stolen, all are, and each is, under the statute
deemed larceny. An information conjunctively charg
ing the same defendant with doing all of these acts at
the same time and as a part of the same transaction is
not duplicitous. Such is the rule already established in
this jurisdiction, and it should have been heeded and
applied by the District Court in this cause. We shall
not repeat the argument to support it. We refer to,
and again approve, *McClure v. People,* 27 Colo. 358.
After reviewing and discussing a number of cases bear-
ing upon the point now under consideration, this Court,
at page 367 thus summarized its conclusion: "Where
two or more acts, stated in the statute disjunctively,
either of which is an offense by itself if done by differ-
ent persons or at different times, when done by the
same person and at the same time and relate to the
same transaction and are followed by the same penalty,
they may be united in one count of an indictment or
information, as constituting but one offense." That
is exactly this case. Though the fact does not appear
upon the face of the inforamtion, under the doctrine
announced in *Short et al. v. People,* 27 Colo. 175, the
mere statement of the district attorney that the differ-
ent acts relate to and constitute one and the same
transaction is sufficient as against a motion to quash.
This information, in form, is like the one before the
court in *McClure v. People, supra.* Under the bicycle
statute precisely the same penalty is imposed whether
the defendant stole the bicycle, or purchased it with the
knowledge that it had been stolen, or concealed or se-
creted it with such knowledge. The ruling of the Court
is wrong. Trial courts must be governed by the rule
of pleading again approved in this opinion. It follows
that judgment on motion to quash the information was

wrong, and it is therefore disapproved and reversed.

Reversed.

Mr. JUSTICE MUSSER and Mr. JUSTICE GARRIGUES concur.