## No. 26039

### The People of the State of Colorado v. James A. Miller
(529 P.2d 648)

Decided December 23, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Stephen C. Rench, Deputy, Natalie S. Ellwood, Henry V. Ellwood, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Defendant James Miller was found guilty of first-degree murder by a jury. This is an appeal from that judgment. We reverse and remand to the district court for a new trial.

The defendant, James Miller, shot his brother-in-law Ware on July 12, 1971. Ware's wife, an eyewitness, stated that she saw the defendant, with a gun in his hand, approach a car in which Ware was sitting. She was watching her husband alight from the car with his hands held high when she heard an initial shot followed by another two. According to Mrs. Ware, her husband was unarmed and had done nothing to provoke the shooting.

This version of the shooting was directly controverted by the defendant who testified in his own defense. He asserted that as he was walking along he was knocked to the ground by a blow to his head. Fearing for his life, he drew a gun and shot Ware, who was standing over him with his right hand poised as though he was about to draw a gun. Defendant did not know if Ware had a gun at the time of the shooting, but stated that he had loaned Ware a gun several months earlier and it had not been returned.

Immediately after the shooting defendant went to the house of Mrs. Helen Newman. She testified at trial that Miller had arrived suffering from a "bruise" on his knee. After being treated by Mrs. Newman and taking a short nap, the defendant consented to her calling the police. He had remained sequestered about two hours before he gave himself up to the authorities.

The prosecution presented witnesses who testified that on April 25, 1971, they overheard an argument between Ware and the defendant, apparently caused by the defendant having allegedly beat his wife, who was Mrs. Ware's sister. The defendant told Ware he would "catch him out on the streets one of these days."

I.

■ Error which requires reversal stems from the trial court's instruction on murder only and its refusal to give defendant's tendered instructions on voluntary and involuntary manslaughter. We held in *Read v. People,* 119 Colo. 506, 205 P.2d 233 (1949), that:

"* * * when there is any evidence, however improbable, unreasonable or slight, which tends to reduce the homicide to the grade of manslaughter, the defendant is entitled to an instruction thereon upon the hypothesis that the same is true, and that it is for the jury, under proper instructions, and not the trial judge, to weigh and consider the evidence and determine therefrom what grade of crime, if any, was committed; and that the court's refusal to instruct thereon is reversible error. [Cases omitted.]"

*See also Gallegos v. People,* 136 Colo. 321, 316 P.2d 884 (1957).

■ During the trial defendant presented a plausible case for self-defense, which even if the jury deemed it to be an over-reaction, nevertheless would negate the elements of first and second-degree murder. Under those circumstances, the trial court should have instructed the jury on both the lesser offenses of voluntary and involuntary manslaughter, as defendant requested.

We quote with approval from *Crawford v. People,* 12 Colo. 290, 20 P. 769 (1888):

"We do not say that * * * the jury would have found differently had they been properly instructed. What we do say is that there was not an entire absence of evidence tending to establish the crime of manslaughter, and that defendant was entitled to an instruction with reference thereto. It is obviously impossible for us to hold that the error thus committed was without prejudice."

## II.

■ Because we are remanding for a new trial, we wish to discuss four other matters. The following three occurrences should not be repeated at the new trial:

(1) The trial court instructed the jury on flight and the presumption of guilt to be inferred therefrom. While we do not agree that in this case the instruction was necessarily erroneous, it was not needed. Defendant had admitted to the shooting. We have not favored the flight instruction as it gives undue emphasis on only one bit of evidence. We have said its submission is rarely advisable, and should be given only when the peculiar facts of the case make it *essential.* We can see no purpose for it in this case. *See generally Robinson v. People,* 114 Colo. 381, 165 P.2d 763 (1946).

(2) The lower court's instruction on murder was drawn from the full statutory definition found in C.R.S. 1963, 40-2-3, and included references to poison, torture, arson, rape, robbery, mayhem and burglary. The People admit that the court's irrelevant references were neither necessary nor desirable. Therefore, courts should excise irrelevant portions of the murder instruction to conform to the evidence in the case.

(3) The People in their brief admit that the court should not have permitted the prosecution to ask defendant if his prior conviction for assault with a deadly weapon involved a gun. Since this was error, it should not occur again.

The following was alleged by defendant to be error, but was not, and the evidence thus brought out is perfectly permissible.

Defendant asked the trial court to exclude evidence about the prior argument he had with the deceased several months before the killing. Defendant argues that such information is too remote and irrelevant to afford him a trial by fair and impartial jury. *Bray v. People,* 102 Colo. 199, 78 P.2d 366 (1938).

We have said that a defendant should be tried only for the offense with which he stands charged. The court must balance the necessity of proof on the part of the prosecutor against the danger of unfair prejudice to the defendant. *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959).

However, in a homicide case, it is proper to show an antecedent grudge borne by the accused against the deceased to establish a motive for the alleged homicide. *Wilkinson v. People,* 170 Colo. 336, 460 P.2d 774 (1969); *Van Wyk v. People,* 45 Colo. 1, 99 P. 1009 (1908). Moreover, proof of motive will not be excluded merely because it may be prejudicial to the defendant so long as it is relevant and material. *Candelaria v. People,* 177 Colo. 136, 493 P.2d 355 (1972); *Smaldone v. People,* 103 Colo. 498, 88 P.2d 103 (1938). The evidence of the prior argument was clearly admissible to show a possible motive for the crime charged. The fact that the argument occurred approximately two months before the shooting affected only the weight of the evidence, not its admissibility. *Berger v. People,* 122 Colo. 367, 224 P.2d 228 (1950).

The judgment is reversed and the cause is remanded to the district court for a new trial.