## No. 26217

**The People of the State of Colorado v. Bobby Shannon and Chauncey Jerome Cook**

(539 P.2d 480)

Decided September 2, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Goodbar, Goodbar & Fischer, Lindsay E. Fischer, for defendant Bobby Shannon.

Jeffrey Tompkins, for defendant Chauncey Jerome Cook.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Bobby Shannon and Chauncey Jerome Cook, the defendants in the trial court, were charged in an information with conspiracy to commit aggravated robbery (1971 Perm. Supp., C.R.S. 1963, 40-2-201),[1] with attempted aggravated robbery (1971 Perm. Supp., C.R.S. 1963, 40-4-302),[2] and with two counts of first-degree assault (1971 Perm. Supp., C.R.S. 1963, 40-3-202).[3] Prior to trial, the district attorney caused the attempted aggravated robbery count to be dismissed because assault charges were pending against the defendants. *See* 1971 Perm. Supp., C.R.S. 1963, 40-1-508(a).[4] The defendants were tried by a jury and convicted on two counts of second-degree assault and on the conspiracy to commit aggravated robbery count. The defendants were sentenced to the penitentiary and appealed.

[1] Now section 18-2-201, C.R.S. 1973.
[2] Now section 18-4-302, C.R.S. 1973.
[3] Now section 18-3-202, C.R.S. 1973.
[4] Now section 18-1-408, C.R.S. 1973.

On appeal, the defendants' major contentions are that the evidence supporting the conspiracy conviction was insufficient. The defendant Cook also asserts that he could not be convicted as a complicitor and as a conspirator for his participation in the same criminal transaction. Both defendants also claim that the jury was not properly instructed. We affirm.

## The Facts

The events which culminated in the shooting of Ray and Ella Seal at the Trail's End Motel in Colorado Springs were described in great but in varying detail by the victims and by statements of the four soldiers who were involved in the transaction. The defendants, Cook and Shannon, were stationed at Fort Carson and were quartered in a barracks with Samuel Miller. Miller overheard their discussion of plans to commit a robbery. He was also with them on the night that the Seals were shot.

On February 8, 1973, Shannon, Cook, and Miller spent most of the day drinking. Shannon had purchased a pistol approximately a week before and had the pistol in the waistband of his trousers when the three soldiers went to the Cotton Club that night. At the Cotton Club, a friend of Shannon's asked to borrow his pistol, and Cook responded that Shannon should keep the pistol because, "We may need it later." They then left the Cotton Club after Cook agreed to give another soldier, Robert Greene, a ride back to Fort Carson.

When the soldiers reached Cook's car, Shannon gave the pistol to Cook. On the way back to Fort Carson, Cook stopped for gas and then turned off the main highway and said, "We've got something to do." He then drove down a side street and parked in front of the Navajo Motel, which is located near the Trail's End Motel. He directed Shannon to the Trail's End Motel and remained in the car with the motor running. Shannon took his pistol and asked, "Who's going with me?" Miller followed Shannon to the Trail's End Motel and tried to dissuade him, but Shannon went into the motel. Miller remained outside. Shortly thereafter, shots were fired, and Shannon ran from the motel and was joined by Miller in his flight to the car and from the scene of the crime. Shannon told Cook, when he entered the car, that he had to shoot some people because they had a gun.

A police officer, who observed Shannon and Miller running from the motel, followed the Cook car and arrested the four soldiers after the shooting was reported. Shannon's pistol and four cartridge cases were found in the Cook car.

At the time of trial, neither Ella nor Ray Seal was able to make a positive identification of Shannon, although they did testify as to what occurred that night. All testimony confirms that Shannon entered the motel alone and shoved a pistol into the face of Ella Seal, who was 73 years old. She screamed, "Oh, no, not again." Her husband, Ray Seal, who was in the adjoining room, came to his wife's assistance armed with a pistol and was shot by Shannon. When Ella Seal attempted to flee, Shannon shot her and then left the motel.

Identity is not an issue. Shannon took the stand and admitted shooting Ray Seal, but claimed that he shot him when Seal attempted to use his pistol. Seal's pistol was not fired. Ray Seal and Ella Seal both suffered grievous gunshot wounds that caused permanent and "serious bodily injury."

## Sufficiency of the Evidence

■ The defendants assert that the evidence was insufficient to support their conviction for conspiracy and that the trial judge should have granted their motion for a judgment of acquittal as to the conspiracy counts. As we view the record, the evidence was sufficient to establish a prima facie case of conspiracy to commit aggravated robbery.

■ A motion for a judgment of acquittal should not be granted if the evidence, whether direct or circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the charge has been proven beyond a reasonable doubt. *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973).

■ We declared, in *Pooley v. People*, 164 Colo. 484, 436 P.2d 118 (1968), that the essential elements of conspiracy are: (a) an agreement, (b) a common design between two or more persons, and (c) an unlawful purpose to be accomplished, which purpose amounts to a crime in Colorado. Although no direct evidence establishes an agreement in this case, sufficient circumstantial evidence appears in the record to support the jury's verdict. Conspiracies by their very nature are often covert and surreptitious in nature, and for that reason, conspiracies may be established by circumstantial evidence alone. *Goddard v. People*, 172 Colo. 498, 474 P.2d 210 (1970); *Pooley v. People, supra.*

■ The defendants' acquittal of the first-degree assault only establishes that the jury was not satisfied that the prosecution proved each and every element of the offense beyond a reasonable doubt. The not guilty verdict as to first-degree assault does not vitiate or require that we ignore the evidence relating to the conspiracy to commit aggravated robbery.

## Conspirator and Complicitor

■ The defendant Cook contends that he cannot be found guilty both as a complicitor and also as a conspirator. We disagree.

■ In *Goddard v. People*, 172 Colo. 498, 474 P.2d 210 (1970), we held:

"The essence of the crime of conspiracy is the illegal agreement or combination. *People v. Bradley*, 169 Colo. 262, 455 P.2d 199. The essence of the accessory statute establishing guilt equal to that of a principal is to punish for participation in the criminal act. This court has consistently held that the conspiracy and the crime which is the object of the conspiracy are different and distinct offenses. *Pooley v. People*, 164 Colo. 484, 436 P.2d 118."

*See also People v. Rivera*, 178 Colo. 373, 497 P.2d 990 (1972).

Cook's involvement as a conspirator and as a complicitor [5] was tied to separate and distinct crimes, and the doctrine of merger did not apply. *See DeBose v. People*, 175 Colo. 356, 488 P.2d 69 (1971). The evidence of conspiracy to commit aggravated robbery is not inadmissible and is not meaningless and to be ignored merely because the plans to commit the robbery were frustrated and ended with the commission of second-degree assault.

Also noteworthy is the fact that defense counsel did not make a motion, pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-1-508 (3),[6] to require the district attorney to elect between the conspiracy and the complicity charges.

### The Instructions

The defendants contend that the instructions were incomplete because the court did not instruct the jury or submit a verdict on third-degree assault. 1971 Perm. Supp., C.R.S. 1963, 40-3-204.[7] We disagree.

The court instructed the jury on assault in the first degree and as to the lesser included offense of assault in the second degree. Both assault in the first and second degree involve the infliction of "serious bodily injury," when contrasted with assault in the third degree, which is limited to mere bodily injury. *See* 1971 Perm. Supp., C.R.S. 1963, 40-3-202[8] and 40-3-203. [9] The answer to the defendants' contention lies in the clear wording of 1971 Perm. Supp., C.R.S. 1963, 40-1-508(6),[10] which provides:

"(6) The court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense."

*See also People v. Velasquez*, 178 Colo. 264, 497 P.2d 12 (1972); *People v. Futamata*, 140 Colo. 233, 343 P.2d 1058 (1959).

In this case, there was no rational basis for acquitting the defendants of assault in the first degree and second degree and convicting them of assault in the third degree. The assault was with a deadly weapon and serious bodily injuries were inflicted on both victims.

The remaining errors which are asserted do not have substantial merit and do not require discussion.

Accordingly, we affirm.

MR. JUSTICE DAY and MR. JUSTICE KELLEY do not participate.

---

[5]The Complicity Statute, section 18-1-603, C.R.S. 1973, is a restatement of the former law relating to accessories. *See* C.R.S. 1963, 40-1-12.

[6]Now section 18-1-408(3), C.R.S. 1973.

[7]Now section 18-3-204, C.R.S. 1973.

[8]Now section 18-3-202, C.R.S. 1973.

[9]Now section 18-3-203, C.R.S. 1973.

[10]Now section 18-1-408(6), C.R.S. 1973.