## No. 27914

## The People of the State of Colorado v. Henry Lee Watkins

(586 P.2d 43)

Decided October 23, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Linda Palmieri Rigsby, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy, Margaret L. O'Leary, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

Defendant Henry Lee Watkins was convicted of second-degree murder of Walter McDonald and of first-degree assault upon David Buckner. He contends that the trial court's refusal to give instructions to the jury relating to lesser included offenses under the circumstances of this case was error. We agree and reverse.

A rather full recital of the evidence in this case is necessary to put the legal issues in perspective. Eddie Watkins and the deceased, Walter

McDonald, argued over access to the pool table at New Joe's Bar where they were drinking. Eddie and Walter apparently resolved the dispute between them, but the argument flared again between Walter and a friend of Eddie's. This latter dispute was left unresolved.

Walter McDonald and his brother Byron then went to another bar where they met David Buckner. Evidently there was some discussion that they should return to New Joe's and "settle the score." They did, in fact, return to New Joe's but walked past the defendant and Eddie and into the bar. The defendant testified, however, that one of them pointed out his brother Eddie and said, "That's our man." Later the two McDonald brothers, Buckner and Eddie went outside to play craps.

During the dice game the shooting occurred. The defendant testified that he saw David Buckner pull a knife on his brother when Eddie bent down to throw the dice and that Walter McDonald had yelled to Buckner, "Cut that nigger's throat." When the defendant tried to warn his brother, Buckner turned toward him with the knife. The defendant fired his gun at Buckner. The defendant testified that Walter McDonald had started toward him with a gun and that he had shot him in self-defense.

An open knife was later found in the bar but no other evidence was presented to support the defendant's testimony. The trial judge instructed the jury on first and second-degree murder but refused the defendant's request that the jury be instructed on criminally negligent homicide. The trial court based its refusal on the grounds that there was *no evidence* that Walter McDonald's death was negligently rather than intentionally caused. The jury was also instructed on the affirmative defense of self-defense.

## I.

Error which requires reversal stems from the trial court's refusal to give defendant's tendered instruction on criminally negligent homicide. We held in *Read v. People,* 119 Colo. 506, 205 P.2d 233 (1949), and reiterated in *People v. Miller,* 187 Colo. 239, 529 P.2d 648 (1974), that "when there is any evidence, however improbable, unreasonable or slight, which tends to reduce the homicide to [a lesser grade], the defendant is entitled to an instruction thereon upon the hypothesis that the same is true, and that it is for the jury, under proper instructions, and not the trial judge, to weigh and consider the evidence and determine therefrom what grade of crime, if any, was committed; and that the court's refusal to instruct thereon is reversible error."

During the trial, the defendant testified that he believed, in good faith, that his brother Eddie's, and then his own, life was threatened. Such a belief, even if unreasonable, presents a case for criminally negligent homicide. Section 18-3-105, C.R.S. 1973.

The People cite *People v. Shannon,* 189 Colo. 287, 539 P.2d 480 (1975), and *People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974), to

buttress their position that there was no "rational basis" to justify a criminally negligent homicide instruction. In *Shannon,* the victims suffered grievous gunshot wounds at the hands of the defendant and there was absolutely no evidence given to support a lesser charge of third-degree assault. In *Rivera,* we specifically held that the defendant is entitled to have the court instruct the jury on the defense theory of the case as revealed by the evidence. The mere fact that the evidence in this case was supplied by the defendant who took the stand in his own defense does not preclude it from the jury's consideration.

As in *People v. Miller, supra,* we quote with approval from *Crawford v. People,* 12 Colo. 290, 20 P.769 (1888):

"We do not say that . . . the jury would have found differently had they been properly instructed. What we do say is that there was not an entire absence of evidence tending to establish the crime of manslaughter, and that defendant was entitled to an instruction with reference thereto. It is obviously impossible for us to hold that the error thus committed was without prejudice."

There is no doubt that the defendant shot Walter McDonald and David Buckner. However, while a jury might not believe that a reasonable man would be in fear of his life under the circumstances of this case, they might in fact believe that the defendant held a good faith belief, though an unreasonable one, that he feared for his life. Such a belief by the jury would entitle him to a verdict of criminally negligent homicide rather than second-degree murder under the legislative definitions which appear in our statutes.

## II.

We recently decided that where a jury determined that the defendant committed the assault in the good faith but unreasonable belief that his actions were justified, the sentence imposed can be no greater than that which could be imposed upon a defendant under the criminally negligent homicide statute. *People v. Bramlett,* 194 Colo. 205, 573 P.2d 94 (1977). Since, in this case, there was evidence to support a jury instruction based on the defendant's good faith but unreasonable fear of serious harm, and since the assault charge and the homicide arose out of the same incident, on remand, the trial judge should provide such an instruction as to the assault charge to the jury and, if the defendant is again found guilty of first-degree assault, sentence the defendant in accordance with *Bramlett.*

## III.

We find the defendant's argument that there was insufficient evidence to support the jury's finding that the defendant caused "serious bodily injury" as required for first-degree assault, Section 18-3-202, C.R.S. 1973 (1977 Supp.), to be without merit. The evidence presented at trial indicated that Buckner had been shot and wounded by the defendant.

It is within the province of the jury to determine the degree of the injury and we find that there was sufficient evidence for them to determine in this case that the injury was serious.

The judgment is reversed and the cause remanded to the district court for a new trial.