## No. 28315

### The People of the State of Colorado v. Michael Corbett

(611 P.2d 965)

Decided May 12, 1980. Rehearing denied June 2, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Sarah Scott Sammons, Assistant Attorney General, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Thomas M. Van Cleave, III, Deputy, for defendant-appellant.

*En Banc.*

JUSTICE LOHR delivered the opinion of the Court.

Defendant, Michael Corbett, has appealed to this court from a judgment of conviction for first-degree murder for the stabbing death of Winford Proffitt. We affirm.

Proffitt and a companion were driving on the streets of Colorado Springs late in the evening on June 27, 1975, seeking to obtain a small quantity of marijuana. They inquired of two strangers in a nearby car whether they knew where marijuana could be obtained. One of the strangers was the defendant; the other was Freddie Glenn. At the strangers' suggestion, Proffitt and his companion followed them to a park near Prospect Lake. Proffitt went into the park with the defendant to make the purchase. Soon thereafter defendant returned alone and approached Proffitt's companion, who became alarmed and fled. About the same time that the defendant returned from the park, Proffitt staggered to the porch of a house near the park, where he fell mortally wounded as a result of a knife wound six to ten inches in depth. There was no witness to the slaying. Defendant was charged with first-degree murder. The People's case included three statements made by defendant to three different witnesses, in which de-

fendant acknowledged commission of the crime.[1] Trial to a jury resulted in conviction, and this appeal followed.

Defendant urges reversal on two grounds: (1) admission of irrelevant and prejudicial testimony and (2) prejudicial conduct of the trial judge toward defense counsel. We find neither ground to be supported in the record.

## I.

The defendant first contends that the testimony of prosecution witness Larry Dunn was irrelevant. Dunn testified, over defense objection, about a conversation in which he participated approximately ten days prior to the death of Proffitt. Participants in the conversation were Dunn, the defendant, Freddie Glenn, and one other man. Dunn stated that the subject of the discussion was robberies and that, during the course of the conversation, "[i]t was said that if anyone witnessed or identified us and we was robbing someone they would have to be killed." Contrary to defendant's contention, this testimony was relevant. It helped establish the defendant's motive in killing Proffitt and, as motive is a circumstance which tends to show criminal intent, *Smaldone v. People,* 103 Colo. 498, 88 P.2d 103 (1939), the testimony was probative of one of the material elements of the crime charged. *See People v. Calvaresi,* 198 Colo. 321, 600 P.2d 57 (1979). The lapse of time between the conversation and the crime affects the weight to be given that evidence but not its admissibility. *People v. Miller,* 187 Colo. 239, 529 P.2d 648 (1974).

Defendant urges that, even if this evidence is relevant, the prejudice created by the testimony outweighed any probative value and the admission of the evidence was prejudicial error. This court has held that relevant and material evidence of motive will not be excluded merely because it may be prejudicial. *People v. Miller, supra; Candelaria v. People,* 177 Colo. 136, 493 P.2d 355 (1972). It is within the trial court's discretion to determine whether the prejudicial effect of proffered evidence outweighs its probative value; absent an abuse of that discretion, the trial court's decision to admit the evidence will not be disturbed on review. *People v. Henry,* 195 Colo. 309, 578 P.2d 1041 (1978). We find no abuse of discretion in the trial court's decision to admit evidence of the conversation relating to robberies.

Defendant next contends that testimony by two prosecution witnesses concerning defendant's skill in the martial arts was irrelevant, and that it was highly prejudicial because it tended to show a predilection for

---

[1] On the morning after the crime defendant told a friend that "he had tried to rob a guy and that he stabbed him"; defendant said the guy he stabbed took off running. Another witness testified that in July of 1975 defendant had referred to his knife and had volunteered that he had "stuck it all the way in a dude." A third witness testified that on June 28, 1975, defendant told him that he had stabbed a guy at Prospect Lake after fooling the guy into meeting him there to buy a lid of marijuana, and that the guy had run up on someone's porch.

violence. The testimony consisted of an explanation of defendant's expertise in two basic categories of the martial arts. One category involved the use of various body movements and the other concerned the use of swords and knives. The testimony about defendant's ability in the martial arts involving body movements may have been irrelevant as the victim died not from a surface blow to the body, but from a stab wound. However, it was an integral part of the testimony of one witness concerning the types of martial arts in which defendant had engaged, the instruction he had received, and the competitions in which he had participated. The testimony of defendant's skill with knives was relevant to show his familiarity with knives and ability to manipulate them, even though the evidence did not indicate that the victim had been stabbed in any unusual manner which was indicative of martial arts training. The issue once more is whether the prejudicial effect of the evidence outweighed its probative value.

The manner of presentation of the martial arts evidence was not inflammatory. There was no indication that the defendant had ever used his skills to harm anyone. The witnesses stated only that the defendant had used his skills in practice or competition, or for entertainment purposes. One of the witnesses characterized martial arts skills as a form of self-defense. Further, prior to the testimony of the second witness, the court instructed the jury that the evidence was offered only for the limited purpose of showing the physical accomplishments of the defendant in the martial arts sports and it was not to be considered as a reflection on defendant's character. We presume that the jury understood and followed this instruction. *See People v. Sepeda,* 196 Colo. 13, 581 P.2d 723 (1978). Under these circumstances we cannot say that admission of the martial arts evidence constituted an abuse of discretion by the trial court. *See People v. Henry, supra.*

II.

Defendant argues that he was denied a fair trial because the court, by gestures, remarks, and conduct,[2] indicated a bias and prejudice against him and his counsel. To determine if such prejudice did result, we will examine each specific instance noted by the defendant.

■ The first instance of alleged prejudicial conduct arose during the course of voir dire examination of prospective jurors. Upon indication by one of the prospective jurors that he was familiar with the name of the defendant, defense counsel requested that the individual be examined in chambers. The trial judge responded, "Well, we will go in the other room again." As a result of pre-trial publicity relating to criminal cases involving defendant and his companion, Freddie Glenn, it was necessary to

---

[2] The record does not enable us to evaluate non-verbal conduct; defendant does not rely on non-verbal conduct to any significant extent in his argument.

examine numerous prospective jurors individually in chambers. On various occasions, prior to the examination out of the presence of the rest of the veniremen, the judge made a comment similar to the one in issue. Such comments were addressed to both the defense and prosecution. The comments merely reflect the court's occasional frustration with the long selection process necessitated by this highly publicized case, in which the People were seeking to qualify the jurors to consider the death penalty in event of conviction. The comments were not prejudicial to the defendant.

The defendant next alleges that a prejudicial comment was made at the time the prosecution sought to introduce some photographs. Defense counsel objected in a very general manner. The court then stated, "If you want the jury excused because you don't want to state the objection in front of them — ." Upon defense counsel's offer to make the objection at a later time, the judge stated, "I think we should get this matter done orderly and not back it up." The judge then directed that the jury be taken out. Defendant contends that the judge's remarks indicated to the jury that counsel was making an objection improperly and that he was disrupting the orderly process of trial. However, a review of the record indicates that the court merely wanted the trial to proceed in an orderly fashion and that it did not want an objection to be couched in ambiguous language. The court was simply exercising its proper function of maintaining control over the proceedings.

In another instance of allege prejudicial misconduct by the trial judge, the court denied defense counsel's request to make a motion *in limine* out of the presence of the jury. The purpose of the motion was to prohibit presentation of certain evidence until it had been tied to the defendant and the crime. The request related to the order of presentation of evidence, a matter within the discretion of the trial court. *Martinez v. People,* 177 Colo. 272, 493 P.2d 1350 (1972). Defendant has pointed to no specific prejudice resulting from this ruling and an examination of the record discloses none. Absent a showing of prejudice, error may not be predicated on such ruling. *Id.*

Defendant also urges that the court committed error in making a remark to defense counsel with respect to the form of a question. A prosecution witness stated that he had not told investigators that the victim had been using drugs. Defense counsel characterized the witness' failure to tell officers of the drug use as a "white lie." The prosecutor objected to the characterization as a white lie and defense counsel withdrew that characterization and called the failure to inform the investigators a "mistake." The court then overruled the prosecutor's objection. Later, while questioning the same witness, defense counsel characterized the failure to inform investigators of the witness' own use of drugs as a "white lie." At this point, and in absence of objection by the prosecutor, the court stated, "I think that objection should be sustained if you are going to keep it up, Mr.

Bender, because it is an omission. It is not the characterization you give it — I thought you would quit it." Although the intervention by the judge might not have been well advised, we cannot conclude that the remark reflected bias against defense counsel or that it prejudiced the defendant.

The above comments and circumstances do not show any prejudice by the court which reflected a bias against defendant or his counsel. Casual remarks by the trial court while passing on objections to testimony do not constitute reversible error unless they reflect adversely upon the defendant or upon the issue of his guilt or innocence. *McCune v. People,* 179 Colo. 262, 499 P.2d 1184 (1972). A careful review of the record of this seven-day trial reflects no remark of the trial court taken by itself or considered together with others which meets that standard.

The judgment of the trial court is affirmed.