The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Ronald Ray BREWER, Defendant-Appellant.

No. 83CA0481.

Colorado Court of Appeals, Div. II.

Nov. 7, 1985.

Rehearing Denied Dec. 12, 1985.

Certiorari Denied June 9, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes Horton, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Bluestein, Simon & Schulman, Lawrence J. Schulman, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Ronald R. Brewer, appeals a judgment of conviction and sentence entered upon a jury verdict finding him guilty of escape. We affirm the judgment of conviction but set aside the sentence and remand for resentencing.

In May 1982, defendant was in custody of the Denver County Jail awaiting trial on felony charges of attempted first degree murder, first degree assault, attempted aggravated robbery, second degree assault, and conspiracy. On May 18, 1982, defendant was taken to Denver General Hospital to receive medical treatment. At the hospital two men armed with a shotgun entered defendant's examining room and forced the deputy sheriff guarding defendant to release him.

An immediate investigation led the police to believe defendant was in a northeast Denver residence. A heavily armed police special services unit surrounded the house in which police suspected defendant was hiding.

Shortly thereafter, a police negotiator made telephone contact with defendant in an attempt to have him surrender peacefully to officers. During the negotiation defendant made inculpatory statements to the police negotiator without his having first been given a *Miranda* advisement. As a result of the forty-five minute negotiation, defendant peacefully surrendered to officers.

## I.

Defendant first contends the trial court erred in failing to suppress his statements to the police negotiator. We disagree.

It is defendant's position that he was in police custody at the time the negotiator talked to him on the telephone because the house was surrounded by a heavily armed special services unit and he was not free to leave the house. On that premise, he argues the statements made by him without a *Miranda* advisement were inadmissible. Defendant also argues that his statements were involuntary because they were induced by a promise that the criminal justice system would be fair to him if he continued to talk to the officer. The trial court rejected the defendant's arguments and found defendant voluntarily spoke with the officer in a non-custodial setting that did not require *Miranda* warnings.

## A.

For purposes of determining when advisement of an accused pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) is required, custodial interrogation is not limited to interrogation that occurs at the police station. *Orozco v. Texas*, 394 U.S. 324, 89

S.Ct. 1095, 22 L.Ed.2d 311 (1969). However, questioning that occurs in a "coercive environment" does not always require *Miranda* warnings. *Oregon v. Mathiason*, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977). The test of when a person is in custody is whether a reasonable person in the defendant's circumstances would have believed that he was free to leave the officer's presence. *People v. Thiret*, 685 P.2d 193 (Colo.1984); *People v. Johnson*, 671 P.2d 958 (Colo.1983).

The court must consider the totality of the circumstances surrounding the interrogation in determining what belief was reasonable. Among the many factors to be considered in this determination are the time, place, and purpose of the interrogation. *People v. Thiret, supra; People v. Johnson, supra.*

▮ When the interrogating officer is not physically in the presence of the accused and makes contact with the accused on the telephone, the officer does not have the control over the accused necessary to subjugate him to the psychological pressures of concern in *Miranda. See United States v. Mesa*, 638 F.2d 582 (3rd Cir.1980). *See also People v. Corley*, 698 P.2d 1336 (Colo.1985).

▮ Here, defendant could not have freely left the house because it was surrounded by a heavily armed special services team. However, defendant was not in a situation that presented a danger of compelling him to incriminate himself. Defendant controlled the police department's ability to communicate with him since he could hang up the phone at any time. This ability, in essence, gave him the power to leave the officer's presence at any time. Hence, like the situation in *United States v. Mesa, supra,* the lack of the police officer's presence and the defendant's ability to control the situation removed the compelling pressures of a custodial interrogation which work to undermine the individual's will to resist. Accordingly, the trial court did not err in ruling that the statements were not rendered inadmissible by virtue of the absence of a *Miranda* advisement.

B.

▮ To be admissible in evidence, a confession must be shown to be free and voluntary, made without threats of violence or promises of special consequences and made without the exertion of improper influences. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *People v. Bookman*, 646 P.2d 924 (Colo.1982). The voluntariness of the confession must be determined by looking at the totality of the circumstances surrounding the giving of the statement. *People v. Bookman, supra.* On appeal, the trial court's finding of fact on the voluntariness issue will not be reversed if the findings are supported by adequate evidence in the record. *People v. Fordyce*, 200 Colo. 153, 612 P.2d 1131 (1980).

▮ Here, it was not an improper promise to tell defendant that the criminal justice system would treat him fairly. Accordingly, the record supports the trial court's finding that the defendant's statements were made voluntarily.

II.

At trial defendant offered to stipulate that he was being held on unspecified felonies at the time of the incident, and he contends that therefore the trial court erred in admitting evidence on the specific nature of those felonies. We disagree.

Defendant argues that in light of his offered stipulation, the prejudicial nature of the evidence outweighed its probative value. However, the fact that defendant offered to stipulate that he was being held on a felony at the time of escape does not make the evidence regarding the names of the felonies inadmissible. *See People v. White*, 199 Colo. 82, 606 P.2d 847 (1980). Whether the probative value of proffered evidence is outweighed by its prejudicial effect is within the discretion of the trial court, and its determination will not be disturbed on appeal absent an abuse of

discretion. *People v. Corbett*, 199 Colo. 490, 611 P.2d 965 (1980).

Here, it was necessary to bring out the name of the crimes on which defendant was held to prove the "charged with a felony" element of escape. *See* § 18–8–208(3), C.R.S. (1978 Repl. Vol. 8); *People v. Velarde*, 657 P.2d 953 (Colo.1983). The court limited the prejudicial effect of this evidence by only allowing testimony as to the names of the felonies and not admitting the felony complaint or allowing testimony on the facts supporting the underlying charges. Under these circumstances, the trial court did not abuse its discretion in ruling that the probative value of the evidence outweighed its prejudicial effect.

### III.

Defendant next contends the trial court erred in failing to instruct the jury properly on all elements of the offense. We disagree.

In its instruction to the jury on the elements of the charged crime of escape, the court specified only that one element was for defendant to be held for "a felony." Defendant argues that in that instruction the court should have named the actual felonies on which defendant was being held. However, in another instruction, the jurors were given the names of all five felonies on which defendant was being held, and they were instructed that these crimes were classified as felonies.

In determining the propriety of any one instruction, the instructions must be considered as a whole, and if the instructions as a whole properly instruct a jury, then there is no error. *Chambers v. People*, 682 P.2d 1173 (Colo.1984).

Here, the elemental instruction given was in the language of the statute and thus was adequate to advise the jury of the nature of the offense. *People v. R.V.*, 635 P.2d 892 (Colo.1981). And, any perceived error caused by omitting the names of the underlying felonies from the elemental instruction was cured by the instruction that told the jury that each of the named underlying crimes were felonies.

### IV.

The trial court instructed the jury that the crime of escape must be committed knowingly and voluntarily, and it properly defined the knowingly element but refused defendant's instruction defining "voluntarily," and declined to give its own definition of the word, holding that such definition was not required. Defendant contends that, by such action, the trial court erred.

In view of defendant's request for an instruction on the definition of voluntary, it would have been better practice to instruct the jury in accordance with the definition given in § 18–1–401(9), C.R.S. (1978 Repl. Vol. 8).

However, in the context at issue here, the word is one of common understanding. Also, there was no evidence presented to indicate that defendant left Denver General Hospital any way other than voluntarily. Under these circumstances, the trial court's failure to define the term "voluntarily" was harmless error. *See* Crim.P. 52(a); *People v. Quintana*, 665 P.2d 605 (Colo.1983)

### V.

Defendant next argues that the court erred in denying the motion for mistrial he requested when the officer that interrogated defendant expressed his opinion that defendant had left the hospital voluntarily. Referring to the armed men and defendant, the officer was asked, "From their conversation, were you able to determine whether or not he [defendant] left Denver General Hospital voluntarily." The officer testified that he felt defendant left voluntarily. It is defendant's position that the officer could not express an opinion on an event he did not personally observe. Defendant also argues that it is improper to offer opinion testimony on defendant's criminal intent.

Two rules of evidence apply to the use of opinion testimony to prove an element of the offense. These rules provide:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." CRE 701.

"Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." CRE 704.

■ Here, the requested opinion related to inferences the witness derived from talking to defendant, not from observing the escape. Therefore the witness could properly express an opinion on that subject. Further, although the opinion of the witness concerned one of the elements of escape that the prosecution had to prove, CRE 704 allows this use of otherwise admissible opinion testimony. Under these circumstances, the trial court did not abuse its discretion in denying defendant's motion for mistrial. *See Massey v. People*, 649 P.2d 1070 (Colo.1982).

## VI.

We also reject defendant's contention that the trial court erred in overruling his objection to some of the prosecution's questions on voir dire.

Defendant objected to voir dire questions by the prosecutor in which potential jurors were asked if they thought a hypothetical defendant had the right to a trial even though he was "caught red-handed" committing the crime. Defendant argued that the prosecutor's questions allowed the potential jurors to infer that he was obviously guilty or had been caught red-handed and the trial was only a formality.

■ The propriety of questions to potential jurors on voir dire is within the discretion of the trial court and will be overturned only on a showing that the trial court abused its discretion causing prejudice to the defendant. *People v. Brake*, 191 Colo. 390, 553 P.2d 763 (1976); *People v. Saiz*, 660 P.2d 2 (Colo.App.1982).

■ Here, the objectionable questions did not refer to the defendant. The questions appeared to be designed for the purpose of insuring that the jurors questioned understood the defendant's right to have the state prove the charges against him in every situation. Because there was no prejudice to defendant by these questions, the court did not abuse its discretion in overruling defendant's objection.

## VII.

Finally, defendant contends the trial court erred in sentencing him beyond the presumptive range. We agree that the reasoning underlying the sentence imposed was incorrect.

The trial court sentenced defendant to a term of 8 years imprisonment on the class 4 felony of escape. As the sole basis for the sentence, the court held that § 18–1–105(9)(a)(V), C.R.S. (1984 Cum.Supp.) required the court to find extraordinary aggravating circumstances when a defendant escapes from a correctional facility. We have recently held that such statute does not mandate a sentence beyond the presumptive range for the crime of escape. *See People v. Russell*, 703 P.2d 620 (Colo. App.1985).

■ The trial court's misapplication of § 18–1–105(9)(a)(V) C.R.S. (1984 Cum. Supp.) prevented it from fully exercising its discretion in sentencing. Therefore, the sentence must be set aside and the matter must be remanded for the trial court to reimpose sentence based upon its own determination, from the facts presented to it at a new hearing, as to the existence of extraordinary aggravating or mitigating circumstances.

The judgment of conviction is affirmed. The sentence is set aside and the cause is remanded for resentencing consistent herewith.

VAN CISE and STERNBERG, JJ., concur.