Kurt P. Schulke, Dist. Atty., Robert H. Wheeler, Chief Deputy Dist. Atty., Peter F. Michaelson, Deputy Dist. Atty., Breckenridge, for plaintiff-appellant.

No appearance for defendant-appellee.

ERICKSON, Justice.

This is an appeal by the prosecution on a question of law pursuant to section 16–12–102, 8A C.R.S. (1985), to review the trial court's entry of a judgment of acquittal on a charge of felony child abuse at the close of the prosecution's case. We do not favor appeals by the prosecution where the sole issue is the sufficiency of the evidence to sustain a conviction. *People v. Kirkland,* 174 Colo. 362, 483 P.2d 1349 (1971). However, because granting the judgment of acquittal was an abuse of discretion, we disapprove the ruling.

The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Terry Lee THOMPSON, Defendant–Appellee.

No. 86SA221.

Supreme Court of Colorado, En Banc.

Jan. 25, 1988.

The defendant, Terry Lee Thompson, was charged with several counts of child abuse and was convicted by a jury of the misdemeanor count in the information. The charge of felony child abuse, section 18–6–401, 8B C.R.S. (1985 Supp.), was not submitted to the jury because the trial court concluded that the prosecution had failed to prove serious bodily injury as set forth in section 18–1–901(3)(p), 8B C.R.S. (1985 Supp.), which provides:

"Serious bodily injury" means bodily injury which involves the substantial risk of death, a substantial risk of serious permanent disfigurement, or a substantial risk of protracted loss or impairment of the function of any part or organ of the body.

Jeopardy has attached which prevents the retrial of the defendant for felony child abuse and the only function that our opinion serves is to disapprove the judgment of acquittal on the felony charge under the facts of this case. *People v. Fitzgerald,* 51 Colo. 175, 117 P. 135 (1911).

The child victim was less than one-year old. While she was in the custody of the defendant, she suffered traumatic injuries including a fractured right femur. Expert medical testimony established that there was a twenty to thirty percent chance of permanent disability and that the child had suffered a loss of developmental skills during the time that she was confined to a cast.[1] The child's mother testified that as a result of the injury the child, at the age of one year, could not crawl, walk, or sit up.

In dismissing the felony child abuse charge, the trial court relied on the definition of serious bodily injury and stated that the injury had to include a substantial risk of protracted loss or impairment of the function of any part or organ of the body.

Because expert testimony established that the injuries were healing well with no permanent disability, the trial court concluded that there was a failure to establish serious bodily injury.

The trial court, however, erroneously considered serious bodily injury at the time of trial rather than at the time of the injury. Expert testimony supported the conclusion that at the time of the injury, the victim suffered bodily injury which involved "a substantial risk of protracted loss ot impairment of the function of any part or organ of the body." Section 18–1–901(3)(p), 8B C.R.S. (1985). The trial court, therefore, should have submitted the issue to the jury of whether the injury involved a substantial risk of serious bodily injury. *See People v. Watkins,* 196 Colo. 377, 586 P.2d 43 (1978) (the degree of injury is a jury question). In our view, the evidence was sufficient to satisfy the substantial evidence test set forth in *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973),[2] and the jury should have been permitted to determine the merits of the felony child abuse charge under the facts of this case.

Accordingly we disapprove the order granting the defendant's motion for a judgment of acquittal.

---

1. A second expert witness, Dr. Clemmens, testified that at the time of injury, a fractured femur in an infant the age of the victim, poses a substantial risk of loss of the use of the leg for an extended period. While Clemmens testified that the potential for permanent damage existed, he could not assign a percentage to the risk.

2. In *Bennett,* we stated that in passing on a motion for judgment of acquittal, the issue "is

whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion that the defendant is guilty of the charge beyond a reasonable doubt." *Bennett,* 183 Colo. at 130, 515 P.2d at 470; *see also, People v. Stark,* 691 P.2d 334 (Colo.1984); *People v. Gonzales,* 666 P.2d 123 (Colo.1983).