**300**

The PEOPLE of the State of Colorado,
Petitioner–Appellant,

In the Interest of J.G., a
Juvenile, Appellee.

No. 03CA1374.

Colorado Court of Appeals,
Div. I.

March 25, 2004.

Certiorari Denied Sept. 7, 2004.*

* Chief Justice MULLARKEY would grant as to the following issue:

Whether the court of appeals erred in its determination that a juvenile court judge, reviewing the decision of a subordinate magistate on a juvenile's request for review, is acting as an appellate court.

Stuart A. VanMeveren, District Attorney, Benjamin L. Lammons, Deputy District Attorney, Fort Collins, Colorado, for Petitioner–Appellant.

David S. Kaplan, Colorado State Public Defender, Stephen Sneider, Deputy State Public Defender, Fort Collins, Colorado, for Appellee.

Opinion by Judge TAUBMAN.

The People appeal a district court order reversing a magistrate's judgment adjudicating J.G. delinquent. We reverse and remand with directions to reinstate the judgment of delinquency.

A delinquency petition was filed alleging that J.G. committed acts which, if committed by an adult, would constitute the offense of unlawful possession of a schedule II controlled substance. A trial on the petition was conducted before a magistrate.

J.G.'s foster father testified that he observed J.G. sitting with another youth who was preparing to smoke a substance on a piece of aluminum foil. J.G. and the other youth told the foster father they were smoking "crack." The foster father confiscated the residue-covered foil, as well as a plastic bag containing a small amount of a substance which the other youth identified as "drugs." The foster father gave these items to his wife, who placed them in a jar which she stored in their bedroom.

Four days later, the foster parents called the police. When a police officer arrived at the house, the foster parents retrieved the jar and gave it to the officer. According to the foster father, the jar and its contents had been in "safekeeping" at all times.

The police officer testified that J.G. admitted the drugs in the jar were his. The officer further testified that she placed the jar and its contents in an evidence bag, marked the bag with the case number, and logged it in as evidence.

A forensic toxicologist with the Colorado Bureau of Investigation testified that she received a sealed evidence bag bearing the same case number as that described by the officer. The toxicologist testified that she removed a tan-colored substance and tested it using reactive agents and a gas chromatograph mass spectrometer. The tests revealed that the substance was methamphetamine.

The youth who was with J.G. on the night in question testified the methamphetamine belonged to J.G.

Based on this evidence, the magistrate found the People had proved beyond a reasonable doubt that J.G. had unlawfully possessed methamphetamine, a schedule II controlled substance. Accordingly, the magistrate entered a judgment of delinquency.

J.G. filed a petition for review in the district court pursuant to § 19–1–108(5), C.R.S. 2003. The district court found that, although the People had established a sufficient chain of custody for the seized substance, the magistrate erred by allowing the toxicologist to testify concerning the test results because the People "failed to offer any physical evidence for identification or authentication by any of the witnesses that testified about the substance." The court further concluded that, without such identification or authentication, the evidence was insufficient to support the magistrate's judgment. The district

court reversed the magistrate's judgment and dismissed the case.

The People filed this appeal.

## I.  Double Jeopardy

■ As an initial matter, we reject J.G.'s claim that the People are barred from seeking reinstatement of the judgment of delinquency because double jeopardy attached in the district court.

■ The Double Jeopardy Clauses of the United States and Colorado Constitutions preclude a person from being twice placed in jeopardy for the same offense. *See People v. Borghesi,* 66 P.3d 93 (Colo.2003).

■ When a trial judge enters a judgment of acquittal on the ground that the prosecution has failed to prove the charges, a reviewing court may disapprove the trial court's ruling, but may not reverse the judgment of acquittal because to do so would violate a defendant's right to be free from being placed in double jeopardy. *See People v. Thompson,* 748 P.2d 793 (Colo.1988). However, when a trial court rules in favor of a defendant after a verdict of guilty has been entered by the trier of fact, the appellate court may properly review the trial court's ruling, and, if the ruling is erroneous, may remand the case to the trial court with directions to reinstate the fact finder's verdict without violating the Double Jeopardy Clauses. *See People v. Parks,* 749 P.2d 417 (Colo. 1988); *People v. Ramirez,* 30 P.3d 807 (Colo. App.2001).

▪■ Similarly, double jeopardy does not bar reinstatement of a conviction where an intermediate appellate court erroneously reverses a judgment of conviction and a higher court later reverses the judgment of the intermediate appellate court. *See, e.g., People v. Stewart,* 55 P.3d 107, 118 (Colo.2002)(ordering reinstatement of judgment of conviction that was reversed by Colorado Court of Appeals).

Section 19–1–108(5) provides for a district court's review of a magistrate's delinquency adjudication:

Such review shall be solely upon the record of the hearing before the magistrate and shall be reviewable on the grounds set forth in [R]ule 59 of the Colorado [R]ules of [C]ivil [P]rocedure.  A petition for review shall be a prerequisite before an appeal may be filed with the Colorado [C]ourt of [A]ppeals or Colorado [S]upreme [C]ourt.

Thus, because the district court reviews only the record of the hearing before the magistrate, its review is similar to an appellate review of the magistrate's decision. Pursuant to § 19–1–108(5), therefore, our review of the trial court's reversal of the magistrate's judgment is similar to a second level of appellate review.

Here, unlike in *People v. Thompson,* we are not reviewing a judgment of acquittal based on the ground that the government failed to prove its case.  Rather, we are reviewing the trial court's judgment of dismissal following the magistrate's adjudication of J.G. as delinquent.  Thus, we are functioning here in a manner similar to that of the supreme court in *People v. Stewart, supra,* and, because we agree with the People that the evidence was sufficient, as discussed below, we may reinstate the judgment of delinquency without violating J.G.'s right to be free from double jeopardy.

## II.  Sufficiency of the Evidence

■ The People argue that the district court erred by concluding the evidence in the record was insufficient to support the magistrate's judgment.  We agree.

■ The standards for reviewing the sufficiency of evidence supporting a judgment of juvenile delinquency are the same as those for reviewing the sufficiency of evidence supporting a judgment of conviction in a criminal case. *People in Interest of J.M.N.,* 39 P.3d 1261, 1265 (Colo.App.2001). In assessing the sufficiency of the evidence supporting a guilty verdict, a reviewing court must determine whether any rational trier of fact might accept the evidence, taken as a whole and in the light most favorable to the prosecution, as sufficient to support a finding of guilt beyond a reasonable doubt.  In applying this standard, we must give the prosecution the benefit of every reasonable infer-

ence that might fairly be drawn from the evidence. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

Here, the district court concluded the evidence was insufficient to support the magistrate's judgment because the People had not satisfied the authentication and identification requirements for admissibility of physical evidence established by CRE 901 and cases interpreting that rule. Building on this conclusion, the district court determined that J.G.'s confession was insufficient to sustain the delinquency adjudication because it was uncorroborated by any evidence identifying the substance in question as methamphetamine.

We conclude the district court's reasoning was based on a faulty premise. CRE 901 merely establishes the requirements for admitting an item of physical evidence. *See People v. Lesslie,* 939 P.2d 443, 451 (Colo. App.1996). However, even if the item itself is not admissible under CRE 901, the proponent may use other methods of proof to identify the item.

The People do not need to admit a substance into evidence to prove that it is a controlled substance, a point that J.G. appears to concede. Indeed, so long as a sufficient chain of custody is established, the People can meet this burden of proof through circumstantial evidence. *See People v. Edwards,* 198 Colo. 52, 55, 598 P.2d 126, 128 (1979)(even without expert testimony, there was sufficient evidence to support a jury finding that the substance was heroin); *People v. Steiner,* 640 P.2d 250, 252 (Colo.App.1981)(chemical tests are not necessary to prove that a particular substance is a narcotic drug; the People may prove that a substance is cocaine through circumstantial evidence); *see also United States v. Brown,* 887 F.2d 537, 542 (5th Cir.1989)(circumstantial evidence was sufficient to prove that substance, which was not admitted into evidence, was crack cocaine).

Here, even if we assume that the toxicologist's testimony was inadmissible because the People did not offer any chain of custody documents into evidence, other evidence in the record, when viewed in the light most favorable to the People, is sufficient to prove beyond a reasonable doubt that the substance in J.G.'s possession was methamphetamine. Evidence of J.G.'s oral and written confessions was corroborated by testimony of J.G.'s foster father that he had seen J.G. trying to smoke residue on a piece of aluminum foil and testimony of the other youth that the substance was methamphetamine.

Accordingly, the order is reversed, and the case is remanded with directions to reinstate the judgment of delinquency.

Judge MARQUEZ and Judge WEBB concur.