24CA0195 Peo v Marceleno 02-26-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0195
Weld County District Court No. 22CR1016
Honorable Timothy Kerns, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Danny Marceleno,

Defendant-Appellant.

---

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE SULLIVAN
Fox and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 26, 2026

---

Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Patrick R. Henson, Alternate Defense Counsel, Chelsea A. Carr, Alternate
Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Danny Marceleno, appeals the judgment of conviction entered after a bench trial at which he was found guilty of possession of contraband in the second degree.  We affirm.

## I.     Background

¶ 2     Deputies at the Weld County jail moved Marceleno, an inmate, to a "dry cell" because they suspected he possessed narcotics.  A dry cell lacks a toilet and fountain so that inmates suspected of having contraband can't dispose of it.  A body scan and strip search of Marceleno revealed a small cellophane bag containing a white powdery substance concealed in his genital area.  A subsequent search of Marceleno's cell revealed a second cellophane bag containing bean paste hidden in his mattress and a third cellophane bag containing a white, crystal-like substance located in a pair of pants in a shared clothes hamper.  Deputies disposed of the bag of bean paste because, as a food product, it couldn't be stored in evidence.  They sent the other two bags to a Colorado Bureau of Investigation (CBI) lab for analysis.

¶ 3     Believing that the substances in the bags contained methamphetamine, Deputy Brian Hammond conducted a videotaped interview of Marceleno to obtain more information.

During the interview, Marceleno made several inculpatory statements about the substances in the bags found on his person and in his mattress.

¶ 4 The prosecution charged Marceleno with one count of possession of contraband in the second degree. § 18-8-204.2, C.R.S. 2025. Marceleno waived his right to a jury trial and proceeded to a bench trial.

¶ 5 At trial, a CBI forensic scientist testified that the bag found in the shared clothes hamper tested positive for methamphetamine. However, the forensic scientist didn't analyze the substance found on Marceleno's person.

¶ 6 In a detailed oral ruling, the district court found Marceleno guilty and sentenced him to eighteen months in the custody of the Department of Corrections.

## II. Sufficiency of the Evidence

¶ 7 Marceleno contends that the prosecution presented insufficient evidence to convict him of possession of contraband in the second degree because (1) CBI didn't chemically test the substances in the bags found on his person and in his mattress and (2) the prosecution didn't establish that he possessed the

substance found in the shared clothes hamper.  We conclude the prosecution satisfied its burden, even without a chemical test, by presenting circumstantial evidence regarding the substances found on his person and in his mattress.  Given our conclusion, we need not address whether Marceleno possessed the substance found in the shared clothes hamper.

### A. Standard of Review and Applicable Law

¶ 8     In a challenge to the sufficiency of the evidence, we "review the record de novo to determine whether the evidence before the [fact finder] was sufficient both in quantity and quality to sustain the defendant's conviction."  *Johnson v. People*, 2023 CO 7, ¶ 13 (quoting *Clark v. People*, 232 P.3d 1287, 1291 (Colo. 2010)).  We evaluate whether the evidence, "direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt."  *Id.* (quoting *Clark*, 232 P.3d at 1291).

¶ 9     With exceptions not relevant here, a person confined in a detention facility commits possession of contraband in the second degree if they knowingly obtain or possess contraband.

§ 18-8-204.2(1).  The definition of contraband includes controlled substances.  § 18-8-204(2)(o), C.R.S. 2025.  Section 18-18-102(5), C.R.S. 2025, defines a controlled substance as a drug, substance, or immediate precursor included in schedules I through V as set forth in sections 18-18-203 to -207, C.R.S. 2025.  Methamphetamine is a schedule II drug.  § 18-18-204(2)(c)(II), C.R.S. 2025.

¶ 10    The prosecution need not necessarily present a chemical test to prove that a particular substance is contraband.  *See People v. Steiner*, 640 P.2d 250, 252 (Colo. App. 1981).  Instead, the prosecution may satisfy its burden through circumstantial evidence.  *See id.*; *People in Interest of J.G.*, 97 P.3d 300, 303 (Colo. App. 2004).  Examples of such circumstantial evidence include representations and admissions made by the defendant, behavior consistent with use or possession of the controlled substance, and the defendant's furtiveness.  *See, e.g., J.G.*, 97 P.3d at 303; *Steiner*, 640 P.2d at 252; *People v. Edwards*, 598 P.2d 126, 128 (Colo. 1979).

## B. Analysis

¶ 11    Viewing the evidence in the light most favorable to the prosecution and affording the prosecution the benefit of every reasonable inference, we conclude that the prosecution presented sufficient evidence to prove beyond a reasonable doubt that Marceleno committed possession of contraband in the second degree.

¶ 12    Marceleno doesn't dispute that the prosecution presented evidence that deputies found one small bag containing a white powdery substance concealed in his genital area and a second bag containing bean paste hidden in his mattress. From this evidence, the district court could reasonably infer that Marceleno knowingly possessed the substances in the two bags. *See People v. Miralda*, 981 P.2d 676, 679 (Colo. App. 1999) ("Intent may . . . be established from circumstantial evidence and from the inferences that may reasonably be drawn from those circumstances."); *People v. Summitt*, 132 P.3d 320, 324 (Colo. 2006) (evidence of concealment "can be admissible to show consciousness of guilt").

¶ 13    Marceleno's primary argument is that the prosecution presented insufficient evidence that the substances in the two bags

constituted "contraband" under section 18-8-204.2(1). We disagree. Deputy Hammond testified that the substance in the bag found on Marceleno's person appeared to be methamphetamine. Moreover, in the body camera footage submitted into evidence by the prosecution, Deputy Hammond told Marceleno that the substance found on his person tested positive for methamphetamine. While the record doesn't contain evidence of any such test, Marceleno responded, "It is what it is," "I signed up for it, you know," and "It was on me, literally." Marceleno also explained that he considered eating the substance but was "scared" and "didn't want to go out like that, in jail." Although not the strongest evidence, when viewed in the light most favorable to the prosecution, the substance's appearance, Marceleno's representations, and his furtive actions in hiding the bag in his genital area allowed the district court to reasonably infer that the bag contained contraband. *See, e.g.,* *Edwards*, 598 P.2d at 128.

¶ 14    We reach the same conclusion with respect to the bean paste hidden in Marceleno's mattress. Marceleno admitted to Deputy Hammond that (1) if the beans were tested, they would "come out dirty, too"; (2) while mixing the substance into the beans, he "put it

in [his] mouth, got a little high," and "started tripping"; and (3) the amount of the substance mixed into the beans was "less than half" the amount in the bag found on his person. Marceleno said that he took "full responsibility for it." Viewing these inculpatory statements in the light most favorable to the prosecution, the district court could reasonably find that the bean paste contained contraband. *See, e.g., id.*; *see also Steiner*, 640 P.2d at 252 (evidence regarding the "effect of the substance" on users, coupled with other evidence, satisfied the prosecution's burden).

¶ 15 Accordingly, we conclude that sufficient evidence supported Marceleno's conviction for possession of contraband in the second degree.

### III. Disposition

¶ 16 We affirm the judgment.

JUDGE FOX and JUDGE KUHN concur.