## MURPHY *v.* THE PEOPLE.

1. Where several are jointly indicted, one pleads guilty and is sentenced to pay a fine and the costs of prosecution, and a *nolle prosequi* is entered as to the other defendants, it is improper to tax up all the costs of the prosecution against the party convicted. The liability for costs in such case is several.

2. The costs in criminal cases must be taxed according to law, and cannot be made the subject of stipulation between the court and the convict, or between the prosecuting officer and the convict.

*Appeal from District Court of Jefferson County.*

THE case is stated in the opinion.

Mr. HARRY SALES, for plaintiff in error.

Mr. GEORGE G. WHITE, for the people.

BRAZEE, J.   The only question involved in this case is a question relating to the taxation of costs.   The appellant and ten others were jointly indicted for riot.   Appellant plead guilty, a *nolle prosequi* as to the other defendants was entered; judgment "that the said Dennis M. Murphy pay a fine of $50 and the costs of this prosecution, and as to the other defendants, a *nolle prosequi* be entered, and that the said people have and recover of and from the said Dennis M. Murphy, one of the defendants, the sum of $50, their fine as aforesaid, together with the costs of this prosecution to be taxed," etc., and that the other "defendants go hence without day."

The clerk taxed all the costs made in the case respecting all of the defendants, and issued execution therefor against the appellant.

A motion in vacation to re-tax costs was made, on the ground that all the costs made against all the defendants were taxed against Dennis M. Murphy.   This motion was

overruled with leave to file affidavits, and thereupon renew the motion. The motion was renewed before and heard by the district court, upon voluminous affidavits tending to establish or disprove the fact that Dennis M. Murphy agreed to pay the costs made against his co-defendants who were discharged upon *nolle prosequi.*

The costs in criminal cases must be taxed according to law and not as per agreement. Such an agreement is without any consideration unless the consideration may be the mitigation of sentence; such a consideration between court and convict, or between the prosecuting officer and the convict, would manifestly be void, being against public policy, as substituting the bargain with the convict instead of the judgment of the court as the measure of punishment to be inflicted. Whether the money to collect of the convict be a fine or costs is immaterial. In this case, amount of costs, $367.50, was a much more serious pecuniary penalty than the fine.

The taxation of costs cannot be maintained upon the theory of a binding stipulation, and it remains to be seen, whether such taxation can be maintained under the law and the judgment.

The judgment in this case was several as against the appellant. To charge him with all the costs of prosecuting the case against his ten co-defendants against whom, confessedly, no sufficient cause of prosecution existed, or could be made out, would be manifestly unjust. If his co-defendants had been convicted, the judgment must have been several. 10 Miss. 40.

Inasmuch as the costs are merely incident to the judgment, joint defendants are severally liable for the costs incurred in procuring their respective convictions, not for the costs of each other, nor for costs made by the people against them respectively. *Moody* v. *People*, 20 Ill. 319.

The law did not authorize the taxation of costs made by the clerk. The judgment is susceptible of a construction in

accordance with the law, and did not authorize the taxation of all the costs against the appellant.

The taxation of costs is vacated and the cause is remanded to the court below, and the clerk of that court is directed to re-tax the costs in accordance with this opinion.