No. 26245

**Charles Edward Nugent v. The District Court in and for the County of Larimer, the Honorable Dale S. Shannon, One of the Judges thereof, and Fred W. Besack, Clerk thereof**

(520 P.2d 592)

Decided March 25, 1974.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Edwin L. Felter, Jr., Deputy, for petitioner.

Stuart A. VanMeveren, District Attorney, Loren B. Schall, Assistant, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

An original proceeding filed here by petitioner Nugent seeks a writ of mandamus ordering the respondent district court to grant him a free transcript so that he may obtain appellate review of sentences imposed. We issued an order to show cause why the requested relief should not be granted and the respective parties have filed briefs in this court. We hereby discharge the rule.

I.

Originally charged with numerous crimes, after plea bargaining petitioner plead guilty to one count of accessory to second-degree burglary, 1971 Perm. Supp., C.R.S. 1963, 40-8-105, and one count of accessory to possession of a narcotic drug, *id.* Both of these crimes are class 5 felonies. Accordingly, the district court sentenced petitioner on each count to an indeterminate term of imprisonment with a five-year maximum, pursuant to Colo. Sess. Laws 1972, ch. 44, 39-11-101 at 239; the sentences were to run concurrently. In giving petitioner these sentences, the district court stated in the mittimus that consideration had been given to,

but no credit given for, the time petitioner spent in county jail prior to sentencing. The district court denied the motion for a free transcript and this proceeding was then brought.

II.

 The right to a free transcript is founded, in the first instance, on the right to an appeal. *Mayer v. Chicago,* 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971). Where the preparation of a free transcript would be an empty gesture, it may properly be denied, *People v. Shearer,* 181 Colo. 237, 508 P.2d 1249 (1973); *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). Here, petitioner seeks appellate review of the sentences he received. The statutory basis for such review is contained in 1971 Perm. Supp., C.R.S. 1963, 40-1-509. Subsection (2) of that section limits appellate review in the following manner:

"No appellate court shall review any sentence which was imposed within the minimum and maximum punishment authorized for the offense involved *if the minimum sentence imposed is not more than three years greater than the minimum sentence provided for the offense, * * *"* (Emphasis added.)

As a reading of this section reveals, a minimum sentence is a prerequisite to appellate review. Otherwise, there is no means to determine whether the minimum given is three years greater than the minimum provided in the statute. In this case, the legislature has ordered that those found guilty of class 5 felonies not be given a minimum, Colo. Sess. Laws 1972, ch. 44, 39-11-101 at 239. The purpose of that section is to give greater flexibility in sentencing. *See generally, ABA Standards Relating to Sentencing Alternatives and Procedures* § § 2.4 to 2.7 (1968). Under parole procedures an indeterminate sentence usually results in an earlier release. It cannot be said to be harsh or excessive so as to require the scrutiny of an appellate court. Thus, the respondent court was correct in denying a free transcript, for the review sought is beyond what the legislature authorized.

III.

 Petitioner contends, however, that he was entitled

to a free transcript because he challenged the sentencing court's failure to give him credit for time served in jail prior to sentencing. We do not agree. In *People v. Nelson,* 182 Colo. 1, 510 P.2d 441 (1973), we held that, where a guilty plea resulting from plea bargaining is the basis for a conviction, it is presumed that the sentencing judge acted properly in denying credit for time spent in jail prior to sentencing. *See also, People v. Jones,* 176 Colo. 61, 489 P.2d 596 (1971) and cases cited therein. Here, the sentencing judge noted in passing sentence that the prior time in jail was so considered. It would therefore be a vain and useless gesture for a transcript to be prepared and appeal filed.

In summary, then, petitioner's right to a free transcript, predicated as it is on an appeal which the law does not allow, does not exist. We cannot order respondent to perform an act which the law does not permit.

The rule is discharged.