# September Term, 1975

## No. 26382

**The People of the State of Colorado v. Peter Roy Fisher**

(539 P.2d 1258)

Decided September 8, 1975.

297

Alexander M. Hunter, District Attorney, William Wise, Assistant, for appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee J. Belstock, Deputy, for appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The defendant was charged with the November 14, 1972 abduction and shooting of two female children in Boulder County. The defendant entered pleas of not guilty and not guilty by reason of insanity to one count of murder, one count of assault in the first degree, and two counts of kidnapping in the first degree. A jury found the defendant sane at the time of all the offenses charged, and he subsequently plead guilty to murder in the first degree and assault in the first degree. For these crimes he received concurrent sentences of life imprisonment and twenty to forty years, respectively, on May 1, 1973.

The order setting the sentence contained the directive "that defendant pay the costs of prosecution." Subsequently, on June 20, 1973, the trial court entered judgment setting the specific amount of the costs at $1,817.26 to be paid by the defendant. The defendant then filed a motion requesting that the court direct the sheriff to return to the defendant such personal property as the sheriff had in his possession. The trial judge denied the motion, but on a rehearing of the motion, the judge withdrew his previous order and granted the defendant's request for return of his personal property.

The court reasoned that since no mention had been made of the possibility of imposing costs on the defendant when his guilty plea was accepted, the defendant's claim that his "constitutional" rights had been violated might result in the case coming back for retrial. Rather than risking the chance of a new trial in the case, the court reversed its order imposing costs on the defendant. The People brought this appeal, and we now reverse the ruling of the district court.

## I.

Before proceeding to the merits of the case, we must first answer the defendant's argument that this Court is without jurisdiction to hear this appeal. The defendant claims that May 1, 1973, the day of sentencing, was the date of final judgment and that the People brought this appeal after the thirty-day period specified in Colorado Appellate Rule 4(b). Although we agree that the better practice is to impose the specific amount of the costs on the date of sentencing, we find the People's appeal proper under the special circumstances of this case. Here, no previous appeal by either side has been pursued, and the order setting the sentence directed the defendant to pay "costs."

Section 16-12-102, C.R.S. 1973 provides for prosecutory appeals from "any decision of the trial court in a criminal case upon any question of law." The Colorado Appellate Rules and the Rules of Criminal Procedure define the parameters of this right to appeal. Under C.A.R. 1(a)(1), the right of appeal to an "appellate court may be taken from . . . [a] final judgment of any district . . . court. . . ." Rule 32(c) of the Rules of Criminal Procedure provides:

"A judgment of conviction shall consist of a recital of the plea, the verdict or findings, the sentence, *and cost* if any are awarded against the defendant . . . [T]he judgment shall be signed by the judge and entered by the clerk in the register of actions and thus entered it shall constitute the *final judgment*." (emphasis added)

The final judgment for purposes of appeal in this case was entered when the trial court reversed its previous order imposing costs on the defendant, and therefore, this appeal is properly before us.

## II.

The law in Colorado regarding the imposition of costs on convicted defendants is clear. Section 16-11-501, C.R.S. 1973 states that, "[w]here any person . . . is convicted of an offense, the court shall give judgment in favor of the state of Colorado and against the offender for the amount of the costs of prosecution and any fine imposed." C.R.C.P. 32(d)(1) contains an identical proviso.

This general rule may be avoided if the trial judge, in his discretion, determines that the defendant is unable to pay the costs. Section 16-18-101, C.R.S. 1973. However, in the instant case the trial judge apparently determined that the defendant's constitutional rights *might* be violated if the defendant was assessed costs when as in this case, the defendant had previously been declared indigent for the purposes of appointing

counsel. We do not believe that the defendant's right to due process or equal protection of the laws, or any other constitutional right cited to us, are violated by the imposition of costs in this case.

Statutes imposing liability for costs on a convicted defendant have been uniformly held to be constitutional. Whether a presumably innocent defendant is declared indigent for the purposes of appointing counsel before he is brought to trial, involves different considerations than the question of whether a convicted defendant may be charged with the costs expended by the state to secure his conviction. The Sixth Amendment of the Constitution compels appointing counsel for indigent defendants but does not speak to whether convicted defendants of limited resources may be charged with the costs of their trial. Here, the defendant had no dependents. In these circumstances, the trial judge may certainly exercise his discretion and charge costs against the defendant.

We also reject the defendant's contention that the trial judge's failure to mention that costs could be assessed against him compelled the judge to hold a hearing pursuant to section 16-7-302(2), C.R.S. 1973 to determine whether the defendant wished to withdraw his guilty plea. Section 16-7-302(2) provides in pertinent part:

"[T]he trial judge may, upon request of the parties, permit the disclosure to him of the tentative agreement and the reasons therefor in advance of the time for tender of the plea. He may then indicate to the district attorney and defense counsel or defendant whether he will concur in the proposed disposition if the information in the presentence report is consistent with the representations made to him. If the trial judge concurs, but later decides that the final disposition should not include the *charge or sentence concessions* contemplated by the plea agreement, he shall so advise the defendant and then call upon the defendant to either affirm or withdraw his plea of guilty or nolo contendere (no contest)." (emphasis added)

This statute applies to "charge or sentence concessions" and not to cost concessions. Furthermore, the legislature has specifically said in section 16-11-501 that any person convicted of a crime *shall* pay the costs of prosecution, and we have long ago held that the costs in a criminal case must be taxed according to statutes and not according to any plea agreement. *Murphy v. People*, 3 Colo. 147.

Accordingly, we reverse the ruling of the district court and remand the case for the trial court to reinstate its previous order directing the defendant to pay costs.

MR. JUSTICE KELLEY and MR. JUSTICE ERICKSON do not participate.