543 P.2d 62 (1975)
John MEDINA, Petitioner,
v.
The DISTRICT COURT IN AND FOR the SEVENTEENTH JUDICIAL DISTRICT of the State of Colorado, and Jean J. Jacobucci, one of the judges thereof, Respondents.
No. 26894.
Supreme Court of Colorado, En Banc.
November 24, 1975.
As Modified on Denial of Rehearing December 15, 1975.
Rollie R. Rogers, Colo. State Public Defender, James R. Dumas, Jr., Chief Deputy State Public Defender, C. Phillip Miller, Deputy State Public Defender, Denver, for petitioner.
Floyd Marks, Dist. Atty., Brian T. McCauley, Deputy Dist. Atty., Commer City, for respondents.
PRINGLE, Chief Justice.
This is an original proceeding for a writ in the nature of mandamus. We issued a rule to show cause why the relief requested *63 should not be granted and the respondent court answered. We now discharge the rule.
Petitioner brought this proceeding to compel the district court to provide him with free transcripts of two preliminary hearings. Petitioner was charged with the crime of rape. On February 14, 1975 a preliminary hearing was held in the county court. That court found no probable cause and dismissed the charge. On March 3, 1975, the district attorney filed rape charges directly in the district court. A second preliminary hearing was held and this time the district judge found probable cause. Petitioner then requested that he be provided with free transcripts of the two preliminary hearings. This motion was twice denied by the chief district judge.
The district court did not summarily deny the transcript request. A hearing was held on the motion. At the conclusion of the hearing, the judge stated:
"[T]he Court believ[es] that a transcript was not in order as the Court Reporter could be subpoenaed to read the notes; and further that since the Defendants are receiving free legal services they should be in a position to pay their own transcripts." (Minute order of June 13, 1975)
We read this statement to be a finding that while Petitioner was an indigent for the purpose of appointment of counsel, he was not an indigent for the purpose of being provided with free transcripts. At the time of this hearing there was no proof otherwise. A finding of indigency for one purpose is not necessarily a finding of indigency for all purposes. See People v. Fisher, Colo., 539 P.2d 1258 (1975).
Moreover, an indigent's right to a transcript of a proceeding is not an absolute one. Several exceptions to the right to free transcripts have been noted by this and other courts. See Snavely v. Shannon, 182 Colo. 223, 511 P.2d 905 (1973); Nugent v. District Court, 184 Colo. 353, 520 P.2d 592 (1974).
The district court made a finding in this case that an adequate alternative to a free transcript existed here. The United States Supreme Court has held that the existence of an adequate alternative to a free transcript is a permissible basis for the denial of the free transcript request. See Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971).
The trial court in this case thus exercised the discretion given him under the law. C.A.R. 21(d) states that where the action of a trial court is within its discretion, prohibition or mandamus shall not be a remedy, but the same may be a ground for appeal after final judgment.
Accordingly we discharge the rule as improvidently granted.