MR. JUSTICE LEE
delivered the opinion of the Court.
This is an original proceeding wherein the district attorney seeks to have vacated an order of the respondent district court which allowed a minor to withdraw his plea of admission to a delinquency petition. We issued our rule to show cause why this relief should not be granted. The matter is now at issue. Having considered the merits of the controversy, we resolve the issue in favor of petitioner and make the rule absolute.
On June 9, 1975, an amended petition was filed in the juvenile division of the District Court of the Fourth Judicial District against the juvenile P. L. S., who was then sixteen years old, alleging what would be the crime of felony-theft, section 18-4-401(5), C.R.S. 1973, if committed by an adult.
At P. L. S.’s first appearance before the court, at which he was represented by counsel, he was advised of his rights and of the consequences of *300 a plea of admission, see C.R.J.P. 8.[1] Specifically, the trial court read and explained the charges to P. L. S.,' informed him that by admitting the charges he was foregoing his right to remain silent and his right to a trial to the court or to a jury at which he would be entitled to be present, to be represented by an attorney, and to present evidence. The judge also asked the minor if he felt he had been fairly treated, and told him that upon being adjudicated a delinquent child he could be removed from his mother’s custody and committed to an institution, or placed on probation. The court informed him that if he behaved as a good citizen for two years after the termination of the juvenile proceeding he would' be entitled at his request to have the record of it expunged and sealed. The minor acknowledged that no threats or promises had been made, and said he was admitting the charge “Because I did it.” The court then accepted the plea, finding it to be voluntary, and finding a factual basis to sustain beyond a reasonable doubt the allegations in the petition.
At the advisement hearing, the court did not inform P. L. S. that if he admitted the allegations of the petition and was adjudicated a delinquent he could thereafter be charged as an adult by direct information in the district court if, within two years, he committed a class 2 or class 3 felony, or a nonclassified felony punishable by life imprisonment or death, as provided by section 19-1-104(4)(b)(11), C.R.S. 1973.
On June 18, 1975, the court adjudicated him a delinquent child, and placed him on probation. P. L. S. turned seventeen on November 17, 1975.
On January 14, 1976, an information was filed against P. L. S. in the criminal division of the El Paso County district court, charging him with the second-degree burglary of a dwelling, a class 3 felony, section 18-4-203, C.R.S. 1973. The following day, a motion was filed on behalf of the minor to withdraw the previously entered plea of admission. A hearing was then held and the motion was granted on the basis that the minor had been denied his due process rights in that he was not informed that if he subsequently committed a crime he could be charged as an adult. The adjudication of delinquency was vacated and trial set for February 23, 1976, on the delinquency petition. The effect of this ruling was to prevent the People from prosecuting P. L. S. as an adult on the second-degree burglary charge.
Petitioner thereupon brought this original proceeding and on February 5, 1976, we issued bur rule to show cause.
The district attorney argues that the juvenile court abused its discretion in vacating the adjudication of delinquency. We agree.
*301 We do not accept the premise underlying P. L. S.’s view of the case, that he was entitled to be made aware of the possible direct filing consequences of being declared a delinquent child. All citizens, whether adults or juveniles, have a civic obligation not to violate the criminal laws of this state. A district court is not required to operate on the assumption that one who has once violated the criminal code is likely to again do so, and that therefore he who pleads guilty once must be advised of the consequences of a second transgression. It is thus not required that an adult, before he enters an otherwise uncoerced plea, be informed of the operation of the habitual criminal statutes in the event he should in the future be convicted of illegal acts. It is enough, as set forth in Crim. P. 11(b), and as stated by this court, see, e.g., People v. Marsh, 183 Colo. 258, 516 P.2d 431; Bresnahan, Jr. v. People, 175 Colo. 286, 487 P.2d 551, that, inter alia, the plea be intelligently and voluntarily entered with full knowledge of those matters set forth in the rule, including the punishment for the crime charged. See also Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747.
In the present case, neither C.R.J.P. 8 nor its present counterpart, C.R.J.P. 3, requires that the juvenile be informed of the potential direct filing consequences resulting from the future commission of felonies. This is the clear import of our holding in Myers v. Dist. Ct., 184 Colo. 81, 518 P.2d 836, where we summarily rejected the following argument of the juvenile defendants-petitioners:
“Petitioners * * * submit that their admissions of involvement which led to their * * * adjudications of delinquency were invalid because they were not advised of the possible direct filing procedure of [section 19-1-104(4)(b)(II)]. * * *”
In that case, the minors had not been advised of the operation of the direct filing procedures because these procedures were enacted after the original adjudication of the petitioners’ delinquency.
The following cases lend support to our view that the trial court need not advise the accused of the many legal consequences, direct or collateral, of a guilty plea. For example, a trial court is not required to make a defendant aware of the possibility that costs may be assessed against him, People v. Fisher, 189 Colo. 297, 539 P.2d 1258, or that the plea may entail such collateral consequences as dishonorable discharge, Redwine v. Zuckert, 115 U.S. App. D.C. 130, 317 F.2d 336 (1963), loss of civil rights, Meaton v. United States, 328 F.2d 379 (5th Cir. 1964), cert. denied, 380 U.S. 916, 85 S.Ct. 902, 13 L.Ed.2d 801, rehearing denied, 380 U.S. 959, 85 S.Ct. 1091, 13 L.Ed.2d 976, or deportability, United States v. Parrino, 212 F.2d 919, (2d Cir. 1954), cert. denied, 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663. By analogy, we conclude that where the above consequences of a guilty plea need not be disclosed to the defendant, certainly, in the absence of a specific requirement by statute or *302 rule, a juvenile court is not required to advise the juvenile of consequences contingent on his own future misconduct.
The rule is made absolute.
MR. CHIEF JUSTICE PRINGLE does not participate.

Since repealed and repromulgated in altered form, see C.R.J.P. 3 (1975 Supp.). The new rules became effective on August 1, 1975, and consequently have no bearing on this hearing.