## No. 27277

### The People of the State of Colorado v. Sherrie Ann Church

(560 P.2d 469)

Decided February 28, 1977.

Robert L. Russel, District Attorney, B. J. Fett, Jr., Deputy, Charles Berry, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Carol L. Gerstl, Deputy, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

This is an appeal by the People from a decision of the district court ordering, *inter alia*, the county court[1] to provide a transcript at state expense to defendant Church in connection with her appeal of the probation revocation and subsequent sentence on misdemeanor charges of unlawful acts under the Colorado Liquor Code.[2] We reverse and remand with directions to the county court to conduct a hearing and make findings on defendant's ability to pay for a transcript.

The defendant pled guilty to the charges in county court and was granted probation. Her probation was later revoked by the county court because of an asserted violation of one of the conditions of probation, and she received a jail sentence. The defendant then filed a notice of appeal to the district court, a designation of record, a motion to proceed in forma pauperis, a request for a free transcript, and a motion for appointment of counsel for the appeal. The county judge appointed a public defender for her appeal but denied her request for a transcript at state expense. The record contains no findings and does not indicate that evidence regarding defendant's ability to pay for a transcript was presented or considered.

The defendant then petitioned the district court for extraordinary relief in the nature of mandamus and prohibition to compel the county court to grant her request for a transcript. The district court granted her this relief and ruled that it was the ministerial function of the county court to supply a transcript at state expense after making a finding that defendant was indigent and qualified for a court-appointed attorney. This ruling is erroneous.

---

[1] County Court of El Paso County, Honorable James F. Quine, Judge.
[2] The charges were brought under what is now section 12-47-128, C.R.S. 1973 (1976 Supp.).

■ This district court decision conflicts with our recent ruling in *Medina v. District Court*, 189 Colo. 516, 543 P.2d 62 (1975). In that case, we expressly held that a "finding of indigency for one purpose is not necessarily a finding of indigency for all purposes," and in particular, that a finding of indigency for the purpose of the appointment of counsel would not necessarily support a finding of indigency for purposes of being provided with a free transcript. Thus, a reversal of the district court's judgment is required.

The county court never made any express finding as to the ability of the defendant to pay for a transcript. We therefore now remand this cause to provide the county court with the opportunity to conduct a hearing, make findings, and resolve the issue of whether this defendant should be given a free transcript of the county court proceedings.

Most of the other issues raised by the People are now moot in view of our disposition of this case. With respect to the People's argument that the district judge should be disqualified from considering the merits of the defendant's appeal in her case-in-chief, we believe that any statements which he has made concerning the defendant's indigency were related solely to the issue of providing a free transcript and the law pertinent to that issue. There is no evidence in this record that he might confuse his judgment on that issue with the separate and distinct issues relating to the merits of defendant's appeal from the county to the district court.

Judgment reversed and this cause is remanded for further proceedings in the county court consistent with this opinion.

MR. JUSTICE KELLEY does not participate.