## No. 79SA387

**Lino Gonzales v. The District Court in and for the County of Weld and the Honorable Jonathan W. Hays, One of the Judges Thereof**

(602 P.2d 857)

Decided November 13, 1979.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, James England, Deputy, for petitioner.

Robert N. Miller, District Attorney, Patrick T. Murphy, Deputy, for respondents.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

This original proceeding in the nature of mandamus was filed by Lino Gonzales (petitioner) under C.A.R. 21, seeking an order compelling the District Court in and for Weld County (respondent) to provide him with a complete copy of the transcript of the preliminary hearing in a criminal action in which he is the defendant. We issued a rule to show cause why the requested relief should not be granted and now make the rule absolute.

Petitioner is charged with the offense of first-degree murder under section 18-3-102, C.R.S. 1973 (1978 Repl. Vol. 8). He has been found to be indigent and is represented by the Colorado state public defender. A preliminary hearing was held, and probable cause was established for the offense charged. Petitioner filed a motion requesting that a transcript of the hearing be prepared and provided to him without cost prior to trial. The respondent granted the motion as to the testimony of one witness and denied the motion as to the testimony of three police officers on the grounds that their reports were available to counsel prior to the preliminary hearing and there were no inconsistencies between the testimony of the police officers at the hearing and their written police reports. The court indicated that if such inconsistencies were brought to its attention during trial, relevant portions of the transcript would be provided to petitioner.

Relief in the nature of mandamus under C.A.R. 21 is a proper remedy in a case in which a district court has abused its discretion in exercising its functions. *Western Food Plan, Inc. v. District Court,* 198 Colo. 251, 598 P.2d 1038 (1979); *Phillips v. District Court,* 194 Colo. 455, 573 P.2d 553 (1978); *Colorado Springs v. District Court,* 184 Colo. 177, 519 P.2d 325 (1975). For the reasons set forth below, we have concluded that the denial of a transcript under the circumstances of this case was an abuse of discretion by the respondent.

A preliminary hearing transcript can be of great value to a defendant at trial. It is a "vital impeachment tool for use in cross-examination of the State's witnesses" and for trial preparation in general.

*Coleman v. Alabama,* 399 U.S. 1, 9, 90 S.Ct. 1999, 2003, 26 L.Ed.2d 387, 397 (1969). *See also Conley v. Dauer,* 321 F. Supp. 723 (W.D. Pa. 1970), *remanded,* 463 F.2d 63 (3d Cir.), *cert. denied,* 409 U.S. 1049, 93 S.Ct. 521, 34 L.Ed.2d 501 (1972); *Brooks v. Edwards,* 396 F. Supp. 662 (W.D.N.C. 1974); *United States v. Acosta,* 495 F.2d 60 (10th Cir. 1974). As a practical matter, the transcript must be available to defense counsel prior to the trial if it is to be useful as an impeachment and trial preparation tool. *Conley, supra; United States ex rel. Wilson v. McMann,* 408 F.2d 896 (2d Cir. 1969). The defendant's lawyer should not be forced to rely on his memory of the preliminary hearing, or notes prepared at the hearing, to establish inconsistencies between testimony at the hearing and at trial. *United States ex rel. Wilson, supra; Gardner v. California,* 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601 (1968); *Hardy v. United States,* 375 U.S. 277, 288, 84 S.Ct. 424, 431, 11 L.Ed.2d 331, 339 (1964) (Goldberg, J., concurring). Providing the preliminary hearing transcript for the first time at trial is thus not an adequate alternative to providing the transcript before the trial. *Acosta, supra; Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971).[1]

In the case before us, the respondent did not consider the value of the preliminary hearing transcript to the petitioner as a tool for trial preparation and impeachment of testimony at trial. The court also erred in determining that providing a transcript of the hearing at trial, should testimonial inconsistencies surface at that time, would be an adequate alternative to providing the transcript before the trial. These errors constituted an abuse of the court's discretion.[2]

■ The state must provide a transcript of a preliminary hearing at the request of an indigent defendant in a criminal case when the transcript is necessary for an effective defense. *Britt, supra; Roberts v. LaVallee, Warden,* 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967).

■ Recognizing the possible abuses that could result from our decision, our holding is limited to cases in which the defendant, because of his plea of not guilty, will actually proceed to trial and in which there is a reasonable assurance that testimony presented by prosecution witnesses at the preliminary hearing will also be presented at trial.

---

[1] In *Britt,* the United States Supreme Court held that "informal" access to the services of a court reporter was an adequate alternative to providing a transcript of a mistrial in advance of a second trial. The Court pointed out that "the reporter would at any time have read back to counsel his notes of the mistrial, well in advance of the second trial, if counsel had simply made an informal request". 404 U.S. at 226. There is no indication that this "informal" alternative is presented in the case before us.

[2] *Medina v. District Court,* 189 Colo. 516, 543 P.2d 62 (1975), is distinguishable. In that case, we discharged a rule to show cause issued to a respondent district court on facts similar to those of the case before us. However, our decision in *Medina* rested on the court's unchallenged finding that the petitioner was nonindigent for purposes of the provision of free transcripts.

508

Rule made absolute.
JUSTICE GROVES concurs in the result.