655 P.2d 819 (1982)
Ronald Ray BREWER, Petitioner,
v.
The DISTRICT COURT In and For the EIGHTEENTH JUDICIAL DISTRICT, COUNTY OF ARAPAHOE, State of Colorado, and the Honorable John P. Gately, District Court Judge in and for the Eighteenth Judicial District, Colorado, Respondents.
No. 82SA362.
Supreme Court of Colorado, En Banc.
December 6, 1982.
Rehearing Denied January 10, 1983.
William J. Fritsche, Aurora, for petitioner.
Robert R. Gallagher, Jr., Dist. Atty., Catherine P. Richardson, Deputy Dist. Atty., Littleton, for respondents.
ROVIRA, Justice.
In this original proceeding we issued a rule to show cause why the respondent district court's order denying petitioner Ronald Brewer's motion for a free transcript should not be reversed. We now discharge the rule.
Brewer was charged with aggravated robbery of the Buckingham Broker restaurant and similarly charged in three other cases. Because of petitioner's indigency, James Dumas was appointed to represent Brewer in the Buckingham Broker case as well as in another case which is referred to as the Albertson case.
On July 1, 1982, the Buckingham Broker case having proceeded to trial, the jury found Brewer guilty. At the conclusion of the trial, Brewer requested that Dumas be relieved of his duties as counsel and also asked the trial court to appoint other counsel to represent him in the Albertson case.
On July 7, 1982, the trial court permitted Dumas to withdraw in both cases. On July 20, it appointed William Fritsche as Brewer's counsel in the Buckingham Broker case for purposes of post-trial proceedings. On the same day, Fritsche requested that a transcript of the just-completed trial be provided to him in order to assist him in preparing and filing a motion for new trial. This request was denied, and he was given twenty days in which to file a motion for new trial.
*820 Subsequently, Fritsche met with Brewer who objected to Fritsche's seeking the assistance of Dumas in preparing the motion for new trial. In Brewer's opinion Dumas had not provided an adequate defense, and he believed that an appropriate ground for appeal was ineffective assistance of counsel. On the basis of Brewer's statements, Fritsche again requested that a transcript of the trial be provided prior to filing a motion for new trial. Again the request was denied.
Petitioner's argument in support of his request for a free transcript of the trial is grounded on the fact that since his new counsel did not participate in the trial he has no knowledge of possible error, and consultation with trial counsel would be inappropriate because ineffective assistance of counsel at trial might well be alleged as a basis for a new trial.
Petitioner also contends that if required to file a motion for a new trial without the benefit of a transcript and possible error is overlooked and not included in the motion, he would have lost his right to appeal on that issue unless the error was "plain error." Further, he contends that if the motion for new trial is denied, an appeal will certainly be filed and he would be entitled to a free transcript at that time. In short, he argues that the only question is when he is entitled to the transcript, not if.
The district attorney filed an answer to the rule to show cause on behalf of the respondent. The answer relies on a lack of precedent for the furnishing of a transcript in a factual situation such as is presented here, and the existence of possible alternatives to the production of a transcript. The district attorney argues that there was no sufficient showing that Dumas would not cooperate with petitioner's present counsel and petitioner has failed to allege specific potential errors which might allow the production of a limited rather than a complete transcript.
At the outset, we should note that the limited facts set out in this opinion are derived from the petition and are not disputed in the answer of respondent. We have not been provided a transcript of the proceedings in which counsel sought the transcript of the trial, nor a copy of the respondent's ruling. In short, we are given a minimum of information and requested on that basis to hold that the "respondent exceeded its jurisdiction and wrongly continues to exercise such jurisdiction." We decline to do so.
While it is true that the petitioner would be entitled to a free copy of the trial transcript on appeal, Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), that alone does not justify a requirement that petitioner is entitled to a complete transcript of the trial in order to prepare a motion for new trial.
In an original proceeding pursuant to C.A.R. 21, the burden is on the petitioner to clearly establish that the respondent trial court is proceeding without or in excess of its jurisdiction, or has seriously abused its discretion. Margolis v. District Court, 638 P.2d 297 (Colo.1981); Gonzales v. District Court, 198 Colo. 505, 602 P.2d 857 (1979).
In the case before us, there is no showing that the respondent did not carefully weigh the alternatives available to petitioner's new counsel to secure the information necessary to enable him to file a motion for new trial. The petitioner has failed to establish that level of abuse of discretion which warrants extraordinary relief, and we decline to speculate as to the propriety of the respondent's rulings. See Brown v. District Court, 189 Colo. 469, 541 P.2d 1248 (1975).
Accordingly, we discharge the rule.
LOHR, J., specially concurs, and ERICKSON, J., joins in the special concurrence.
QUINN, J., dissents, and DUBOFSKY, J., joins in the dissent.
LOHR, Justice, specially concurring:
I concur in the decision of the majority that the rule should be discharged. The dissent advances compelling reasons why the defendant should be granted a free transcript to prepare a motion for new trial *821 and I agree with almost all of Justice Quinn's reasoning. I am ultimately persuaded, however, that where we have been supplied with neither the trial court's order denying the requested relief nor the transcript on which that order was based the defendant has not carried his burden of proof. I am not prepared to speculate that the trial court had no supportable reason for denying the defendant's motion for a free transcript and thus abused its discretion. Therefore, I agree that the rule should be discharged.
I am authorized to say that Justice ERICKSON joins me in this special concurrence.
QUINN, Justice, dissenting:
I respectfully dissent because, in my view, the petitioner Brewer made an adequate showing that the trial transcript was essential to his constitutional right to effective assistance of counsel during the post-trial and appellate phases of this case.
A criminally accused is constitutionally entitled not only to the assistance of counsel but to the effective assistance of counsel. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Where, as here, the state provides for the appellate review of criminal convictions, the constitutional right to effective assistance of counsel extends to the appellate process. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). The perfection of any meaningful appeal in Colorado requires that the asserted errors be expressly set forth in a motion for a new trial. "Only questions presented in such motion will be considered by the appellate court on review." Crim.P. 33(a). In this case Brewer is claiming that the representation furnished by his first attorney fell below the constitutional minimum and deprived him of effective assistance of counsel during trial. Whatever merit or lack thereof might be in this assertion, Brewer has the right to assert it as grounds for a new trial, along with any other matters which arguably constitute legal error.
"A defendant who claims the right to a free transcript does not ... bear the burden of proving inadequate such alternatives as may be suggested by the State or conjured up by the court in hindsight." Britt v. North Carolina, 404 U.S. 226, 230, 92 S.Ct. 431, 435, 30 L.Ed.2d 400, 405 (1971). To require Brewer to make some showing, in addition to that obvious from the record, as the basis for his entitlement to a transcript only serves to compound the dilemma confronting him in seeking a meaningful judicial review of his trial and conviction. The respondent court, we must assume, was sufficiently impressed with Brewer's claim to permit his first appointed attorney to withdraw and to appoint a second attorney for the purposes of post-trial and appellate proceedings. Brewer's new attorney advised the trial court that he had no knowledge of possible error and that, in addition, he believed it inappropriate to confer with the first appointed attorney because of Brewer's claim of ineffective assistance of counsel. The position of Brewer's new attorney is well-taken. With an anticipated claim of ineffective assistance of counsel stemming from representation provided by Brewer's first attorney, it would hardly be provident for Brewer's new attorney to rely upon the former attorney as the source of information upon which to predicate a motion for a new trial. Such reliance would only exacerbate the claimed deprivation arising from the representation furnished by Brewer's first attorney.
Under these circumstances what further showing Brewer needs to make in order to establish his entitlement to a transcript escapes my imagination. The peculiar posture of this case is such that I believe the district court erred in not providing him with a transcript of the trial at state expense. See Britt v. North Carolina, supra; Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967). I therefore would make the rule absolute.
DUBOFSKY, J., joins in this dissent.