The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Gary ST. JOHN, Defendant-Appellant.

No. 82CA0631.

Colorado Court of Appeals, Div. II.

May 12, 1983.

Rehearing Denied June 9, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Patricia A. Wallace, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Hub L. Stern, Denver, for defendant-appellant.

PIERCE, Judge.

The defendant, Gary St. John, was originally charged with attempted first degree murder, assault in the first degree, and mandatory sentence for a violent crime. The initial trial resulted in a hung jury and was declared a mistrial. At the second trial, defendant was convicted of attempted second degree murder, from which he appeals. We reverse and remand.

At trial, the victim claimed defendant had come to her door at an early morning hour, that they had argued, and that he had then shot her. Asserting a defense of alibi, the defendant denied shooting the victim. He contended that the victim had been shot by a man with whom she had allegedly spent the night.

There was considerable testimony at trial about events that occurred the evening before at the home of witness Pat Magnall, where defendant had spent the night, and about when defendant may have left there, when the shooting may have occurred, and whether defendant had been seen with a weapon prior to the alleged crime.

I.

Defendant principally contends the trial court erred when it refused to grant him a transcript of the trial testimony given by witness Magnall, a key prosecution witness during the first trial. The testimony of Magnall established many of the basic

facts which led to the conviction of defendant, and tended to negate defendant's alibi defense.

Defendant alleges that record would reveal five different instances in which this witness changed her story regarding these vital incidents as compared with her testimony during the second trial. With the transcript of the first trial, therefore, defendant could have impeached this witness at the second trial and the verdict of the jury might have been different.

In *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971) the Supreme Court stated:

> "[It] can ordinarily be assumed that a transcript of a prior mistrial would be valuable to the defendant in at least two ways: as a discovery device in preparation for trial, and as a tool at the trial itself for the impeachment of prosecution witnesses."

The court further held that a state should provide indigent persons with the basic tools of an adequate defense when they are readily available.

Here, the transcript could have been provided to defendant for a minimal cost and was vital to his defense. As a matter of equal protection, it should have been provided to him. *Britt v. North Carolina, supra; see Gonzales v. District Court,* 198 Colo. 505, 602 P.2d 857 (1979).

The State admits error in the refusal to provide the transcript, but it avers such error was harmless. Considering the critical nature of Magnall's testimony, and the alleged inconsistencies therein, we do not agree.

This error was of such magnitude that it requires a new trial of this action, and we therefore reverse the judgment of the district court. Crim.P. 52(b); *People v. Barker,* 180 Colo. 28, 501 P.2d 1041 (1972); *see also People v. Matthews,* 662 P.2d 1108 (Colo.App.1983).

## II.

Because the other allegations of error alleged by defendant may be presented upon retrial, it is necessary that we treat them here.

Defendant complains the trial court erred in refusing to permit him to cross-examine the victim about her use of illegal drugs, and further that he was not permitted to cross-examine witness Magnall regarding the use of drugs by two other persons at her home the night before the shooting at issue in this case. We do not agree.

Defendant asserts that the attempt here was to attack the credibility of these witnesses. Under a similar fact situation, our Supreme Court stated in *People v. Cole,* 654 P.2d 830 (Colo.1982), that:

> "The trial court must 'exercise its sound discretion to preclude inquiries which have no probative force, or are irrelevant . . . or which would have little [bearing] on the witness' credibility, but would substantially impugn his character.'"

Here, there was no showing that the testimony sought by defendant concerning alleged drug abuse had any direct connection to the commission of the crime, nor was there any showing that these inquiries would have had any probative force. Therefore, they were irrelevant, and the trial court did not abuse its discretion in refusing to allow this questioning. *People v. Loscutoff,* 661 P.2d 274 (Colo.1983); *People v. Saldana,* 670 P.2d 14 (Colo.App.1983); CRE 608(a) and (b).

## III.

Defendant further contends the trial court erred when it allowed testimony of the victim and her roommate that defendant had broken a window in defendant's apartment and had committed other violent acts prior to the shooting. Again, we do not agree.

This testimony related to activity allegedly occurring shortly before the time of the alleged crime, and it was probative of ill will between the victim and defendant and relevant to the status of their relationship. *See People v. Botham,* 629 P.2d 589 (Colo. 1981); *People v. Geller,* 189 Colo. 338, 540

P.2d 334 (1975). Furthermore, this testimony was presented by the prosecution only after the defendant had raised the subject during cross-examination of the victim's roommate. *See People v. Zallar,* 191 Colo. 492, 553 P.2d 756 (1976).

## IV.

■ Finally, defendant objects to admission of testimony that defendant had been seen with a gun the evening before the shooting. He claims that this testimony was offered only to appeal to the prejudices of the jury. We disagree.

Here, a witness testified that she saw defendant with a gun a few hours before the victim was shot. Two eyewitnesses saw defendant leaving victim's apartment immediately after the victim had been shot. The principal issue in this case was whether defendant shot the victim. The defendant's alleged possession of a gun several hours before the shooting was, therefore, neither a remote nor a collateral issue. *See People v. Botham, supra.* The lapse of time between the witness' sighting of the defendant with a gun and the shooting affects the weight of the witness' testimony, and not its admissibility. *See People v. Corbett,* 199 Colo. 490, 611 P.2d 965 (1980). This testimony was properly admitted.

The judgment is reversed and the cause is remanded for a new trial.

TURSI and SILVERSTEIN,* JJ., concur.