Alan N. Charnes Executive Director Department of Revenue State of Colorado 486 Capitol Annex 1375 Sherman Street Denver, Colorado 80261
Dear Mr. Charnes:
This opinion letter is in response to your October 31, 1984 letter, in which you inquired about the authority of the Department of Revenue to collect the Victims and Witnesses Assistance and Law Enforcement Fund surcharge on penalty assessment notices.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following questions:
1. Does section 24-4.2-104(1)(b), C.R.S. (1984 Supp.) authorize the department to collect the surcharge provided for in section 24-4.2-104(1)(a), C.R.S. (1984 Supp.) in addition to the amount due on a penalty assessment?
No.
2. Does the surcharge provided for in section 24-4.2-104(1), C.R.S. (1984 Supp.) apply to penalty assessments for traffic infractions as well as traffic violations?
No.
ANALYSIS
Section 24-4.2-104(1)(a), C.R.S. (1984 Supp.) imposes a surcharge on fines imposed on criminal actions which are charged pursuant to state statute. Subsection (1)(b) of this section also imposes the surcharge on "actions which are charged pursuant to the penalty assessment provisions of sections 33-6-127 and 42-4-1501, C.R.S."[1]
The Victims and Witnesses Assistance and Aid to Law Enforcement Act provides no mechanism or authority for the Department of Revenue or the Division of Wildlife to collect the surcharge. Section 24-4.2-104(1)(a), C.R.S. (1984 Supp.) provides that the surcharge shall be paid to the clerk of the court and subsection 2 of that section applies sections 16-11-501 and 502, C.R.S. (1978 1984 Supp.) to collection of the surcharge. These sections of title 16 are administered by the courts.
More importantly, the Victims and Witnesses Assistance and Aid to Law Enforcement Act provides no mechanism for the Department of Revenue or the Division of Wildlife to deposit or distribute any funds collected under the Act, but provides the district court administrators with authority to disburse the fund. Section24-4.2-106, C.R.S. (1984 Supp.). The Act also directs the clerk of the court to deposit the surcharge in the fund. Section24-4.2-104(1)(a), C.R.S. (1984 Supp.). Except for the first fifty cents of any penalty for a traffic infraction, all monies collected by the Department of Revenue pursuant to the penalty assessment provisions of section 42-4-1501(4)(a), C.R.S. (1984) are deposited and credited to the Highway User's Tax Fund. Section42-1-215(2), C.R.S. (1984). All monies collected by the Division of Wildlife are deposited and credited to the general fund and to the wildlife cash fund or the nongame cash fund. Section 33-6-105(1), C.R.S. (1984). If the legislature had intended to alter the distribution of monies collected by the Department of Revenue and the Division of Wildlife under the penalty assessment scheme, it would have amended these sections. Therefore, the surcharge imposed in section 24-4.2-104(1)(b), C.R.S. (1984 Supp.) should not be collected by the Department of Revenue or the Division of Wildlife, but should be collected by the clerk of the court on those penalty assessment notices which are not timely paid and are later heard by a court under section 42-4-1501(4)(b) and33-6-104(2), C.R.S. (1984).
We realize that this construction poses questions of constitutionality. AGO to Jack Grieb, October 27, 1981 (NR WI AGAGR). See Berger v. City and County ofDenver, 142 Colo. 72, 350 P.2d 192 (1960). One might argue that this construction violates the equal protection guarantees of the United States and Colorado constitutions because it establishes different treatment for those who choose to invoke their right to trial. Those who timely pay the penalty assessment notice are fined only the amount specified in the motor vehicle or wildlife laws. Those who go to trial and are convicted must pay not only the fine, but also the surcharge. Therefore, those who go to trial are treated differently from those who timely pay the penalty assessment notice, in violation of equal protection guarantees.
I am confident, however, that this differing treatment would withstand such a constitutional challenge because the collection of the surcharge is rationally related to the activities that victims, witnesses, and law enforcement officers must perform if the penalty assessment notices are handled by the courts. Section 24-4.2-105, C.R.S. (1984 Supp.). SeePeople v. Fisher, 189 Colo. 297, 539 P.2d 1258 (1975).
Section 24-4.2-104(1)(a), C.R.S. (1984 Supp.) applies the surcharge only to criminal actions. As you are aware, section42-4-1501(1), C.R.S. (1984) directs that some of the violations which may be charged under that section are civil in nature rather than criminal. These violations are known as traffic "infractions" rather than traffic "offenses." Section24-4.2-104(1)(a), C.R.S. (1984 Supp.) applies the surcharge to those traffic and wildlife offenses which are charged by summons and which may not be charged by penalty assessment notice under either section 42-4-1501(4)(c) or 33-6-104(2), C.R.S. (1984). Section 24-4.2-104(1)(b), C.R.S. (1984) applies the surcharge to all other criminal offenses which may be charged by penalty assessment notice. Therefore, the clerk of the court should collect the surcharge only on those actions charged pursuant to the penalty assessment provisions in which the offense is a criminal offense rather than a civil infraction.
SUMMARY
The surcharge imposed on fines by section 24-4.2-104, C.R.S. (1984 Supp.) applies only to criminal actions charged pursuant to the penalty assessment provisions of sections 42-4-1501 and33-6-104, C.R.S. (1984). The surcharge is to be collected by the clerk of the court after judgment is entered on the action by the court.
Very truly yours,
 DUANE WOODARD Attorney General
COURTS, DISTRICT COURTS, COUNTY CLERKS PENALTIES TRAFFIC WILDLIFE
Sections 24-4.2-104, 42-4-1501, C.R.S. (1984 Supp.)
REVENUE, DEPT. OF
Surcharge on fines imposed by section 24-4.2-104, C.R.S. (1984 Supp.) applies only to criminal actions charged pursuant to penalty assessment and is to be collected by courts, not the Department of Revenue or Division of Wildlife.
[1] While section 33-6-127, C.R.S. (1984) does not speak to a penalty assessment system, this opinion will address the application of the Victims and Witnesses and Aid to Law Enforcement Act to the penalty assessment system established in article 6 of title 33, C.R.S. (1984). Article 6 of title 33, C.R.S. was repealed and reenacted in 1984, 1984 Colo. Sess. Laws 848, and the penalty assessment provisions now appear in section33-6-104, C.R.S. (1984).