The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Dexter C. WELLS, Defendant–Appellant.

No. 85CA1151.

Colorado Court of Appeals, Div. I.

Dec. 24, 1987.

Rehearing Denied Jan. 28, 1988.

Certiorari Granted (People) May 16, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Solicitor General, Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Forrest W. Lewis, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Dexter C. Wells, appeals the judgment of conviction entered upon jury verdicts finding him guilty of second degree kidnapping, first degree sexual assault, crime of violence, and three counts of habitual criminal. We reverse and remand.

In December 1984, the victim was abducted from a shopping center parking lot. She was forced at knife point into the back seat of a station wagon, where her hands were tied behind her back and a pillow case was placed over her head. The kidnapper later removed the pillow case and covered her eyes with duct tape. He then drove the vehicle to an isolated field and sexually assaulted her.

Defendant's first trial resulted in a mistrial, and a second trial was scheduled very shortly thereafter. Defendant waived his speedy trial rights. Defendant then timely moved for a continuance until such time as a transcript of the first trial could be obtained. The trial court denied the motion, and defendant was forced to proceed to the second trial without the benefit of the transcript.

I

■ On appeal, defendant contends that the trial court erred in failing to grant him a continuance until he could obtain a transcript of his first trial. We agree and, therefore, reverse and remand the case for new trial.

A transcript of a prior mistrial is not only a useful impeachment tool, but it is also a valuable aid in preparation for trial. See *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). However, in order to be a useful tool, the transcript must be available to defense counsel prior to trial. See *Gonzales v. District Court,* 198 Colo. 505, 602 P.2d 857 (1979). Counsel should not be forced to rely upon his memory of the prior mistrial or notes prepared during the proceeding. See *Gonzales v. District Court, supra.* Thus, the importance of a transcript is without question. See *People v. St. John,* 668 P.2d 988 (Colo. App.1983).

Here, the trial court's failure to grant the continuance denied defendant the opportunity to prepare properly for trial. Identity was the sole issue at trial, and the People's case relied heavily upon the victim's identification testimony. Her recall of the encounter and her testimony regarding the People's evidence provided the basis of the prosecution. Therefore, under these circumstances, a transcript of the prior mistrial would have been a valuable preparation tool for the defendant. See *Gonzales v. District Court, supra.*

The only reason for denying the continuance was the resulting delay necessary to prepare a transcript. But any delay was outweighed by the defendant's need for the transcript. See *Britt v. North Carolina, supra; People v. St. John, supra.*

■ We decline to speculate, as the People suggest, on the impeachment value of the transcript in light of the testimony at the second trial. To do so would disregard the value of a transcript in preparing for trial. Moreover, the limited impeachment value of the transcript could be attributed to the fact that it was unavailable to defendant during his preparation for the second trial.

Thus, this error was not harmless. The trial court abused its discretion in refusing to grant a continuance until the transcript was available and defendant must be afforded a new trial. *People v. St. John, supra.*

Because of our disposition of the case, we need not address the People's contention that defendant was not sufficiently

indigent to be afforded a free transcript. Should the issue arise upon remand, it may be addressed at that time. *See Medina v. District Court,* 189 Colo. 516, 543 P.2d 62 (1975).

## II

■ Defendant also asserts error in the trial court's admission of certain evidence of a similar sexual offense committed by defendant in 1978. While we decline to hold admission of the evidence was reversible error, we recommend against its admission on retrial.

Evidence of prior similar acts is admissible to prove, among other issues, identity and modus operandi. Section 16–10–301, C.R.S. (1986 Repl.Vol. 8A); *see People v. Milligan,* 714 P.2d 493 (Colo.App.1985). However, there must be a substantial degree of similarity between the earlier act and the act in question. *People v. Fulton,* 748 P.2d 1280 (Colo.App.1987). While the degree of similarity and the relevance of the evidence is left to the sound discretion of the trial court, the court should also consider the length of time between the two acts as well as the need for such evidence in light of other evidence pertaining to the same issue. *See People v. Honey,* 198 Colo. 64, 596 P.2d 751 (1979); *People v. Adrian,* 744 P.2d 768 (Colo.App.1987) (cert. granted).

Here, while the 1978 sexual assault appears similar in some respects, it was also dissimilar to the present case in many ways and not so dissimilar to methods used generally in such offenses. *See People v. Honey, supra.* Also, the prior offense was committed more than six years prior to this case and was, therefore, somewhat remote in time. *See People v. Thomas,* 20 Cal.3d 457, 573 P.2d 433, 143 Cal.Rptr. 215 (1978). Furthermore, when considered in light of the totality of the evidence in this case, the need for such unduly prejudicial evidence seems suspect. Thus, the probative value, if any, of the evidence appears to have been substantially outweighed by the danger of unfair prejudice. *See* CRE 403; *see also People v. Honey, supra; Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959). If

there were no retrial in our remand of this case, we would have to rule that, under the evidence presented at the second trial, this testimony should not have been allowed.

Nevertheless, we recognize that the evidence addressed upon retrial might vary from that contained within the present record, so that the trial court, upon retrial, might be justified in admitting this evidence. Thus, we do not preclude that result at this point.

## III

Defendant's remaining contentions are without merit.

The judgment is reversed and the cause is remanded for a new trial.

METZGER and CRISWELL, JJ., concur.