**Maurice HARRIS, Petitioner,**

v.

**The DISTRICT COURT OF the CITY AND COUNTY OF DENVER, and William G. Meyer, one of the Judges thereof, Respondents.**

No. 92SA288.

Supreme Court of Colorado, En Banc.

Jan. 11, 1993.

Rehearing Denied Feb. 1, 1993.

David F. Vela, State Public Defender, Robin A. Carey, Lurix E. Johnson, Deputy

State Public Defenders, Denver, for petitioner.

Norman S. Early, Jr., Dist. Atty., Second Judicial Dist., Nathan B. Coats, Chief Deputy Dist. Atty., Denver, for respondents.

Justice KIRSHBAUM delivered the Opinion of the Court.

The petitioner, Maurice Harris, has filed this original proceeding pursuant to C.A.R. 21, seeking an order directing the respondent, the District Court in and for the City and County of Denver, to order a new preliminary hearing in a criminal proceeding filed against the petitioner. Having issued a rule to show cause why the requested relief should not be granted, we now make the rule absolute.

I

The petitioner is charged with one count of murder in the first degree[1] and one count of assault in the second degree.[2] On March 11, 1992, a preliminary hearing was conducted by the Denver County Court to determine whether probable cause existed to support the charges. The prosecution presented the testimony of Demetric Stubblefield and Lorenzo Martinez Chavez, both of whom were eyewitnesses to the crime, and Denver Police Detective Joe Russell. All three witnesses were cross-examined by the petitioner's attorney. The county court found probable cause and bound the petitioner over to the district court for trial.

The petitioner subsequently requested and received a transcript of the preliminary hearing. However, due to mechanical defects in the recording equipment and Stubblefield's failure to keep his voice at the required recording level, Stubblefield's testimony could not be transcribed. Substantial portions of the testimony of Chavez and Russell also were inaudible and thus could not be transcribed.

On May 7, 1992, petitioner moved for a new preliminary hearing. The district court denied the motion.

II

Matters of pretrial discovery are generally committed to the discretion of the trial court, and review of orders pertaining to discovery issues is normally achieved by appeal. *Kerwin v. District Court*, 649 P.2d 1086, 1088 (Colo.1982). However, an original proceeding may prove appropriate when a trial court's ruling will have a significant effect on a party's ability to litigate the merits of the controversy and the damage to a party cannot be cured upon appeal. *Id.; see also Sanchez v. District Court*, 624 P.2d 1314, 1316–17 (Colo. 1981). The party invoking the original jurisdiction of this court has the burden of establishing circumstances justifying the exercise of this court's discretionary authority under C.A.R. 21. *Miller v. District Court*, 737 P.2d 834, 840 (Colo.1987) (citing *Groendyke Transp., Inc. v. District Court*, 140 Colo. 190, 194, 343 P.2d 535, 537 (1959)). The petitioner also bears the burden of establishing, when applicable, that the respondent court has seriously abused its discretion. *Brewer v. District Court*, 655 P.2d 819, 820 (Colo.1982); *see Halaby, McCrea & Cross v. Hoffman*, 831 P.2d 902, 905 (Colo.1992).

The petitioner argues that the district court improperly denied his request for a second preliminary hearing. He also argues that the district court's order constitutes a violation of his constitutional right to due process of law and equal protection of the laws because in this case the absence of a complete transcript of the preliminary hearing substantially impairs his ability to construct a defense of self-defense and to impeach the eyewitness testimony of Stubblefield and Chavez at trial. The petitioner further states that in two other cases two other Denver district court judges granted identical defense motions under substantially similar circumstances. While we are not prepared to conclude in this original proceeding that the district court's order violated the petitioner's con-

---

1. § 18–3–102(1)(a), 8B C.R.S. (1986).

2. § 18–3–203(1)(b), 8B C.R.S. (1986).

stitutional rights, we do conclude that in the circumstances of this case the district court abused its discretion in denying the petitioner's motion.

■ An accused has a statutory right to a preliminary hearing before a judge to determine whether probable cause exists to permit trial of the charged offense. § 16–5–301, 8A C.R.S. (1991 Supp.). The prosecution bears the burden of proving probable cause, and the defendant has the right to cross-examine the prosecution's witnesses and introduce evidence. Crim.P. 5(a)(4)(II); Crim.P. 7(h)(3). If the prosecution fails to meet its burden, the presiding judge must discharge the defendant and dismiss the charging document. Crim.P. 5(a)(4)(IV); Crim.P. 7(h)(4).

■ A preliminary hearing is designed to provide judicial determination that probable cause exists to bind an accused over for trial. *People v. Ayala*, 770 P.2d 1265, 1267 (Colo.1989). We have emphasized that a preliminary hearing is not intended to be a mini-trial or to afford the defendant an opportunity to effect discovery. *Blevins v. Tihonovich*, 728 P.2d 732, 734 (Colo.1986); *McDonald v. District Court*, 195 Colo. 159, 161, 576 P.2d 169, 171 (1978); *Rex v. Sullivan*, 194 Colo. 568, 571, 575 P.2d 408, 410 (1978). Because of the limited nature of a preliminary hearing, a defendant may not conduct discovery prior to a preliminary hearing. *People v. Quinn*, 183 Colo. 245, 250–51, 516 P.2d 420, 422–23 (1973). Furthermore, a defendant is not entitled to compel the victim of an alleged offense to testify at a preliminary hearing. *Blevins*, 728 P.2d at 734; *Rex*, 194 Colo. at 572, 575 P.2d at 411. However, once a witness has been called by the prosecution at a preliminary hearing, a defendant has a right to conduct reasonable cross-examination of the witness on the issue of probable cause. *Kuypers v. District Court*, 188 Colo. 332, 336, 534 P.2d 1204, 1207 (1975). Furthermore, a defendant is entitled to call an eyewitness to testify at a preliminary hearing if the witness is available in court and the prosecution's evidence consists almost entirely of hearsay testimony. *McDonald*, 195 Colo. at 162, 576 P.2d at 171.

■ In addition to providing judicially enforced safeguards to prevent unlawful detentions and unwarranted trials, a preliminary hearing provides a defendant several benefits which may be helpful at trial. In *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), the Supreme Court recognized that the preliminary hearing provided by an Alabama statute afforded a defendant with opportunities to acquire a vital impeachment tool for subsequent use in cross-examining prosecution witnesses at trial, to preserve favorable testimony of witnesses who do not appear at the subsequent trial, and to discover the prosecution's case and thus to make possible the preparation of a proper defense. *Id.* at 9, 90 S.Ct. at 2003. These benefits are useless, however, in the absence of an accurate and complete transcript of essential portions of a preliminary hearing.

We have previously emphasized the trial preparation benefits arising from preliminary hearings. In *Gonzales v. District Court*, 198 Colo. 505, 602 P.2d 857 (1979), we held that the state must provide a transcript of a preliminary hearing at the request of an indigent defendant in a case where the transcript is necessary for an effective defense. In *Gonzales*, the defendant, who was indigent and was charged with first degree murder, filed a motion requesting a transcript of the preliminary hearing at no cost. The district court granted the motion in part but denied the motion with respect to the testimony of three witnesses who had testified at the preliminary hearing. In an original proceeding we concluded that the district court abused its discretion in denying the defendant's request for a complete transcript of the preliminary hearing. *Gonzales*, 198 Colo. at 507, 602 P.2d at 858.

In reaching that conclusion, we observed that a preliminary hearing transcript can

be of great value to a defendant at trial for impeachment and other general trial preparation purposes. *Id.* at 506, 602 P.2d at 858. We also observed that a defense attorney should not at trial be forced to rely on the attorney's "memory of the preliminary hearing, or notes prepared at the hearing, to establish inconsistencies between testimony at the hearing and at trial." *Id.* at 507, 602 P.2d at 858. We limited our holding to cases in which the defendant would proceed to trial and in which there was a reasonable assurance that the prosecution witnesses who testified at the preliminary hearing would testify at trial. *Id.*, 602 P.2d at 858–59.

In *People v. Nord,* 790 P.2d 311 (Colo. 1990), we again emphasized the importance of a transcript of a preliminary hearing for trial preparation purposes. We held in an appeal of a Colorado Court of Appeals judgment that in the circumstances of that case the district court's order denying the defendant's request for a free transcript of the preliminary hearing constituted harmless error. *Id.* at 319. In so doing, we compared the testimony presented at the preliminary hearing to the testimony presented at trial. *Id.* at 318–19. We also noted that unless the record irrefutably demonstrates to the contrary, the need for a preliminary hearing transcript or some adequate alternative is to be presumed. *Id.* at 316.

 *Gonzales* and *Nord* emphasized the significance of the availability of a transcript of preliminary hearing proceedings for purposes of preparing for trial. Such hearings may not be converted into discovery proceedings simply because they assume importance for trial preparation purposes. However, because defendants in criminal cases are not able to take discovery depositions of prosecution witnesses,[3] and prosecution witnesses need not discuss their testimony in advance with defense counsel, the preliminary hearing takes on added significance in the total spectrum of criminal adjudication.

*Gonzales* and *Nord* were decided in the context of cases wherein preliminary hearing transcripts were available. The unavailability of such a transcript due to technical transcription difficulties prevents a defendant from relying on the trial preparation benefits we recognized in those decisions. While additional expense and time will be consumed whenever a second preliminary hearing is required for any reason, the occasions on which such second hearings should be required as the result of technical transcription difficulties will no doubt be relatively few in number.

 In this case, the defendant asserts that the testimony presented at the preliminary hearing is directly relevant and of significance to his trial preparation, both for purposes of establishing his defense of self-defense and for purposes of impeaching or refuting the testimony of two eyewitnesses to the events that resulted in the victim's death. There is no suggestion in the record that the People will not rely at trial on testimony by those eyewitnesses or that the defendant will not proceed to trial. Furthermore, the record does not indicate that there is some alternative mode of reconstructing that testimony from the notes of the participating attorneys or the county court judge. *See Medina v. District Court,* 189 Colo. 516, 517, 543 P.2d 62, 63 (1975). In view of the totality of the circumstances here presented, we conclude that the district court's denial of the petitioner's motion for a second preliminary hearing constitutes an abuse of discretion.

### III

For the foregoing reasons, the rule to show cause is made absolute and the case is remanded to the district court with directions to enter an order granting the defendant's motion for a second preliminary hearing.

**3.** *Cf.* Crim.P. 15.